WALTER D. RICHARDS & another *vs.* LEWIS CLARK.

Suffolk.  Nov. 15, 1877. — June 27, 1878.  COLT & AMES, JJ., absent.

Under the U. S. Rev. Sts. § 5044, an attachment, made on September 9, is dissolved by an assignment in bankruptcy, under a petition filed on January 9 following.

CONTRACT upon a promissory note for $1000, dated August 23, 1876, made by the defendant, and payable to the plaintiff on demand, with interest. Answer, a general denial. The case was submitted to the Superior Court on an agreed statement of facts, in substance as follows :

The action was defaulted when reached for trial. The defendant filed a suggestion of his bankruptcy, and the plaintiffs moved for a special judgment against the property attached on the writ as the property of the defendant, and then held under the attachment, on the ground that the attachment was not made " within four months next preceding the commencement of the bankruptcy proceedings.' The attachment was duly made at

one o'clock P. M., on September 9, 1876, as appears by the offi-
cer's return. The defendant filed his petition in bankruptcy in
the clerk's office of the District Court of the United States for
this district at fifty minutes after three o'clock P. M., on January
9, 1877, as appears by the records. The defendant was duly
adjudicated a bankrupt upon the petition, and Dennis F. Flagg
was appointed assignee, and became a party to this action for
the purpose of opposing the motion of the plaintiffs for a special
judgment. If the plaintiffs were entitled to a special judgment,
judgment was to be entered for them for the amount claimed;
otherwise, they were to be nonsuit.

The Superior Court ruled that the attachment was dissolved,
refused to order a special judgment, and ordered a nonsuit. The
plaintiffs appealed to this court.

*J. B. Richardson*, for the plaintiffs, cited *Godson* v. *Sanctuary*,
4 B. & Ad. 255; *Norris* v. *Hundred of Gautris*, cited 2 Doug.
465; *Glassington* v. *Rawlins*, 3 East, 407; *Lester* v. *Garland*,
15 Ves. 248, 256; *Webb* v. *Fairmaner*, 3 M. & W. 473, 476;
*Griffith* v. *Bogert*, 18 How. 158; *In re Richardson*, 2 Story, 571,
579; *Bigelow* v. *Willson*, 1 Pick. 485; *Little* v. *Blunt*, 9 Pick.
488, 491; *Andrews* v. *Southwick*, 13 Met. 535; *Butler* v. *Fes-
senden*, 12 Cush. 78; *Bemis* v. *Leonard*, 118 Mass. 502; *West-
brook Manuf. Co.* v. *Grant*, 60 Maine, 88; Woolrych on Time,
168; 2 Pars. Con. (5th ed.) 664; 4 Kent Com. (12th ed.) 95,
note.

*C. Blodgett*, for the defendant.

GRAY, C. J. The bankrupt act of the United States provides
that the filing of the petition shall be deemed the commence-
ment of proceedings in bankruptcy; that the assignment of the
bankrupt's property by the register shall dissolve any attach-
ment " made within four months next preceding the commence-
ment of the bankruptcy proceedings; " and that any conveyance
by the bankrupt, in fraud of the bankrupt act, " within four
months before the filing of the petition by or against him," shall
be void. U. S. Rev. Sts. §§ 4991, 5044, 5128. U. S. St. March
2, 1867, §§ 14, 35, 38. It has been adjudged by the Supreme
Court of the United States that such a conveyance, made on De-
cember 8, 1869, was " within four months before " a petition
filed on April 8, 1870. *Dutcher* v. *Wright*, 94 U. S. 553. That

adjudication as to the construction of an act of Congress is conclusive, and renders further discussion superfluous. It necessarily follows that the attachment in the present case, having been made on September 9, 1876, was " within four months next preceding " the commencement of proceedings in bankruptcy by a petition filed on January 9, 1877, and that the judgment of nonsuit must be *Affirmed.* ·