SIMON F. COOLEY *vs.* ENOS E. COOK.
WILLIAM P. PORTER *vs.* SUPLIEN CHARETTE.

Hampshire. Sept. 18. — Oct. 21, 1878. ENDICOTT & SOULE, JJ., absent.

Under the U. S. Rev. Sts. § 5013, the four months next preceding the commencement of proceedings in bankruptcy, an attachment made within which is dissolved by § 5044, are to be reckoned exclusive of the first day, and, if the last day falls on Sunday, exclusive of that also.

An assignee in bankruptcy, after demand and refusal, may maintain an action of tort, in the nature of trover, against an officer holding goods of the bankrupt under an attachment on mesne process which has been dissolved by the assignment in bankruptcy, without first applying to the court from which the process issued for an order to deliver the goods to him.

PORTER sued Charette in the Superior Court in an action of contract, and upon the writ in that case an attachment of the defendant's goods was made by Cook, as deputy sheriff, on Saturday, February 10, 1877, at 1 P. M.

On Monday, June 11, 1877, at 12 M., Charette filed his petition in bankruptcy. Cooley was afterwards appointed his as-

signee, and received an assignment of his property from the register in bankruptcy, and, after making a demand on Cook for the goods held by him under the attachment, and his refusal to deliver them, brought an action of tort in the nature of trover against him in the Superior Court.

At the trial of this action of tort, *Aldrich*, J., ruled that, as no previous application had been made in the other action for a dissolution of the attachment, and no order obtained from the court to Cook for a delivery of the property to the assignee in bankruptcy, the latter could not recover in this action, and directed a verdict for the defendant, which was returned; and the plaintiff alleged exceptions.

In the action of contract brought by Porter against Charette, the defendant's bankruptcy having been suggested on the record, and it being admitted that there was no other defence, his assignee in bankruptcy then came in and moved that the attachment should be dissolved, as having been made within four months next preceding the filing of the petition in bankruptcy. The plaintiff opposed this motion, and moved for a special judgment against the property attached. The question presented by these motions was submitted, upon an agreed statement of the facts above recited, to the determination of the Superior Court, which gave judgment for the assignee and against the plaintiff; and the plaintiff appealed to this court.

*H. H. Bond*, for the assignee in bankruptcy.

*C. Delano*, contra.

GRAY, C. J. By the U. S. Rev. Sts. § 5044, an assignment in bankruptcy dissolves any attachment of the bankrupt's property, "made within four months next preceding the commencement of the bankruptcy proceedings;" and it is settled that the computation of the four months is not to be made exclusively both of the day of the attachment and of the day of the filing of the petition in bankruptcy; or, in other words, that an attachment, made on the day whose number in the month corresponds to that of the day on which the petition is filed, is within this section. *Dutcher* v. *Wright*, 94 U. S. 553. *Richards* v. *Clark*, 124 Mass. 491.

In the case at bar, computing the four months according to the rule so established, whether we reckon forwards from the

day of the attachment, or backwards from the day of the commencement of the proceedings in bankruptcy, the last day of the four months falls on a Sunday, and the question is, whether, for that reason, another day is to be included in the computation.

Whenever the time limited by statute for a particular purpose is such as must necessarily include one or more Sundays, Sundays are to be included in the computation, even if the last day of the time limited happens to fall on Sunday, unless they are expressly excluded, or the intention of the Legislature to exclude them appears manifest. *Alderman* v. *Phelps*, 15 Mass. 225. *Thayer* v. *Felt*, 4 Pick. 354. *Ex parte Dodge*, 7 Cowen, 147. *Rowberry* v. *Morgan*, 9 Exch. 730.

The determination of the question before us therefore depends upon the true construction of the last clause of the U. S. Rev. Sts. § 5013. This section, after defining the meaning of various words used in the title Bankruptcy in these statutes, provides as follows : " And in all cases in which any particular number of days is prescribed by this title, or shall be mentioned in any rule or order of court or general order which shall at any time be made under this title, for the doing of any act, or for any other purpose, the same shall be reckoned, in the absence of any expression to the contrary, exclusive of the first and inclusive of the last day, unless the last day shall fall on a Sunday, Christmas day, or on any day appointed by the President of the United States as a day of public fast or thanksgiving, or on the Fourth of July, in which case the time shall be reckoned exclusive of that day also."

The bankrupt act, in several places, measures time by days ; §§ 4981, 4982, 5021, 5024, 5032, 5036, 5056, 5102 ; in a greater number of places by months ; §§ 5014, 5023, 5044, 5054, 5092, 5093, 5101, 5110, 5128, 5129, 5132 ; in a few instances by years; §§ 5057, 5120, 5132 ; and in one section by each of the three, as follows : " At any time after the expiration of six months from the adjudication of bankruptcy, or if no debts have been proved against the bankrupt, or if no assets have come to the hands of the assignee, at any time after the expiration of sixty days, and within one year from the adjudication of bankruptcy, the bankrupt may apply to the court for a discharge from his debts.' § 5108.

It can hardly be presumed that Congress, in laying down general rules of definition and interpretation, especially as to the computation of time, intended them to be inapplicable to the majority of instances in which periods of time are mentioned in the bankrupt act. The more reasonable conclusion is that the intention was to establish a general rule of interpretation, by which all periods of time prescribed in that act might be computed.

The cases in the federal courts support this view. In *Lang's case*, 2 Bankr. Reg. 480, Judge Lowell held that, when the last day of the year from the adjudication of bankruptcy, within which the bankrupt might apply to the court for a discharge, fell on a Thanksgiving day appointed by the President, he might make his application on the next day. And in *Dutcher* v. *Wright*, above cited, the opinion and decision of the Supreme Court, excluding the day of the filing of the petition in the computation of four months, under § 5128, in the case of a fraudulent preference, were largely based upon § 5013. 94 U. S. 559, 561. And see St. 32 & 33 Vict. *c.* 71, § 114; *Ex parte Ferrige*, L. R. 20 Eq. 289.

The assignment in bankruptcy therefore dissolved the attachment, vested the title in the goods attached in the assignee, and was conclusive evidence of his right to take, hold, sue for and recover them. U. S. Rev. Sts. §§ 5044, 5049. He could not indeed have maintained an action of replevin or of detinue in a federal court to recover the goods specifically, so long as they were held by the sheriff under the attachment from a state court. *Freeman* v. *Howe*, 24 How. 450. *Johnson* v. *Bishop*, 1 Woolw. 324. But, after demand and refusal, he was clearly entitled to maintain an action of tort, in the nature of trover, against the attaching officer, to recover damages for the illegal withholding of the goods, and was not obliged to apply to the court, in which the attachment was made, to order the goods to be delivered to him. *Buck* v. *Colbath*, 3 Wall. 334. *Penniman* v. *Freeman*, 3 Gray, 245, 247.

The result of the whole matter is, that in the action of contract the attaching creditor is not entitled to a special judgment against the property attached, and the

*Judgment is affirmed ;*

and that in the action of tort the ruling that the assignee could not recover against the attaching officer was erroneous, and the                                    *Exceptions are sustained.*