OAKLAND MANUFACTURING COMPANY

*vs.*

DAVID LEMIEUX AND LAND AND BUILDINGS.

Androscoggin.    Opinion March 14, 1904.

*Attachment.    Time,* when Sunday excluded.    *Lien Claim.    R. S. (1883), c. 32,
§ 9; c 91, § 34.    Stat. 1897, c. 232, § 1.*

In an action to enforce a lien upon land and buildings for materials furnished
in the construction of the buildings, the attachment must be made within
ninety days after the materials are furnished.

Sundays are included in the computation of time allowed in which to make
the attachment.

When the last of the ninety days falls upon Sunday, an attachment upon
the following Monday is not seasonably made.

Exceptions by plaintiff.    Overruled.

The case is stated in the opinion.

*C. A. Knight,* for plaintiff.

*J. G. Chabot,* for defendant; *D. J. McGillicuddy and F. A.
Morey,* for land and buildings.

SITTING:    WISWELL, C. J., WHITEHOUSE, POWERS, PEABODY,
SPEAR, JJ.

POWERS, J.    This is an action of assumpsit to enforce a lien upon
land and buildings for materials furnished in the construction of the
buildings, heard by the presiding justice who found that the plaintiff
had no lien.    The last item in the plaintiff's account was furnished
on Jan. 12, and the attachment was made ninety-one days thereafter
on Monday, April 13, 1903.    The attachment must be made
within ninety days after the last materials are furnished, c. 232, § 1,
P. L. 1897; but it is contended that as the last day of the ninety
days fell on Sunday, that day is to be excluded in the computation of
time.

The decisions upon this subject are not entirely harmonious. Some courts of high authority sustain the plaintiff's contention. Before the separation of Maine from Massachusetts however, it was decided in *Alderman* v. *Phelps*, 15 Mass. 225, that where the thirty days, during which property attached on mesne process is held subject to execution, expires on Sunday, the lien created by the attachment does not continue through the next day. The court there said: "The statute has limited the lien formed by the attachment on mesne process to thirty days from the rendering of the judgment. It is not for this court to extend the term; nor do we see any reason why the last day of the thirty should be excluded because it happens to be Sunday, rather than any or all of the Sundays during the time limited." That case is closely analogous to the one at bar where the lien is given by the statute to be enforced by attachment "which attachment shall be made within ninety days after the labor is performed or labors or materials furnished." *Alderman* v. *Phelps* has the same force as a decision of this court, and in Massachusetts it has been followed and cited with approval in numerous cases. *Cunningham* v. *Mahan*, 112 Mass. 58; *Cooley* v. *Cook*, 125 Mass. 406; *Haley* v. *Young*, 134 Mass. 364. In *Cooley* v. *Cook*, Gray, C. J., said: "Whenever the time limited by the statute for a particular purpose is such as must necessarily include one or more Sundays, Sundays are to be included in the computation, even if the last day of the time limited happens to fall on Sunday, unless they are expressly excluded, or the intention of the legislature to exclude them appears manifest." In *Haley* v. *Young*, supra, it was held that, if the last day of the three years limited by the statute for the redemption of land from a mortgage falls on Sunday, a tender of the amount due on the mortgage upon the following day is too late. Field, J., in delivering the opinion of the court said: "It is said that, at common law, when the time for the performance of a contract according to its terms expires on Sunday, a performance on the following Monday is good. *Hammond* v. *Am. Ins. Co.*, 10 Gray, 306. But this rule, whatever may be the extent of it, has not been applied to acts which by statute are required to be done within the time therein limited."

We are satisfied with the rule laid down in these cases. When a statute requires an act to be done. within a certain number of days which must include one or more Sundays, if the last day happens to fall on Sunday, no good reason is perceived why that Sunday should be excluded and the others included. It is fair to presume that if the legislature had intended such a result it would have expressed that intention in unmistakable terms, as it expressed its intention in regard to days of grace when they were allowed in this State. R. S. 1883, c. 32, § 9. Nor is it easy to discover why, if the last day of the ninety falls upon Sunday, the creditor should have seventy-eight days in which to commence action and make his attachment, when if it falls upon any other day of the week, he has only seventy-seven. For other cases to the same effect, see *Anonymous,* 2 Hill, 375; *Ex parte Dodge,* 7 Cowen, 147; *People* v. *Luther,* 1 Wend. 42; *Drake* v. *Andrews,* 2 Mich. 203; *Williams* v. *Lane,* 87 Wis. 152.

The plaintiff relies upon a statement in *Cressey* v. *Parks,* 75 Maine, 387, 46 Am. Rep. 406, in support of his position. It is there said that "if one or more Sundays occur within the time, they are counted unless the last day falls on Sunday in which case the act may be done on the next day." That statement must be regarded as having reference to the subject under consideration, namely, the day on which the sale is to be made on a distress for taxes. It was held in that case that whenever the legislature intends Sunday shall be excluded from the days within which an act shall be done, it is done in express terms and never left to implication; that where the distress is made upon Saturday, Sunday is included and the sale must be made on Wednesday, but that where the last day falls upon Sunday, the sale should be made upon the following Monday, because the legislature has specially provided that the property distrained shall be kept four days. As no sale can be made on Sunday and a sale made on Saturday would be to keep the property but three days, it is necessary to exclude Sunday and to make the sale on Monday in order to keep the property the four days required by the statute. The legislative intention to exclude Sunday in such cases is shown by the statute, which does not permit a sale to be made before or after the four days, but only upon the fourth day. Such a case

differs widely from one in which the act may be done upon any day of a long period of time which necessarily includes one or more Sundays. No reference was made to *Alderman* v. *Phelps,* in *Cressey* v. *Parks,* and as the two cases are not in conflict, the somewhat broad statement made in the latter case, which was entirely accurate as applied to the subject under discussion, cannot be considered as impeaching the authority of the earlier case.

In the case before us the attachment was not made within the ninety days as required by statute and the lien was thereby lost.

*Exceptions overruled.*