. OTIS ELEVATOR COMPANY *vs.* FINKS CLOTHING COMPANY.

Cumberland.    Opinion, March 12, 1932.

*Gerry L. Brooks*, for plaintiff.
*Harry S. Judelshon*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

BARNES, J.   On exceptions.

Plaintiff brought its action at law to enforce a lien for labor
and materials furnished in installing an elevator in defendant's
building.

The case was heard by a Referee "with right to except in matters
of law reserved by both parties."

The contract of sale and installation contained among its terms
the following: "The machinery, implements and apparatus fur-
nished hereunder remain personal property and we retain title
thereto until final payment is made, with right to retake posses-
sion of the same at the cost of the purchaser if default is made in
any of the payments, irrespective of the manner of attachment to
the realty, the acceptance of notes, or the sale, mortgage or lease
of the premises."

Subsequent to the installation of the machinery, defendant hav-
ing received its discharge in bankruptcy, it is agreed that if execu-
tion issue against the defendant the same "is to be perpetually
stayed by reason of said discharge."

Before the Referee defendant claimed, and now urges, that
plaintiff has no lien because it did not claim a lien in its declaration
as provided by law: that if the declaration is adjudged sufficient
to establish a lien claim, such lien can be found to have attached to
such interest in the building only as defendant had on the date of
the attachment and not to the land on which it stands, and, lastly,
that because of reservation of title to the materials which it claims
to have incorporated in the building any lien was waived or lost.

These several defenses were urged upon the Referee, and he
found for the defendant upon the defense last stated above.

When it was moved that the court confirm the report of the
Referee, plaintiff filed written objections to its confirmation and
requested the court to rule that retaining title to the machinery
and other materials furnished did not defeat plaintiff's lien.

The objections and requests of plaintiff were overruled, the re-
port of the Referee confirmed, and to the rulings and confirmation
of the report the plaintiff excepted.

While it may be that the issue before us is but the narrow one as to whether or no agreement and assent that plaintiff retained in itself title to the personal property incorporated in the building until its bill for same and installment thereof is paid, we deem it well to discuss the three objections raised by defendant before the Referee.

As to claim of lien in the declaration. The right in any plaintiff to a lien for labor performed and materials furnished is purely statutory.

In pursuing his action at law he must comply with statute regulations conferring that right. These are specified in R. S., Chap. 105, and the requirement as to pleadings is expressed in Sec. 66, "The declaration must show that the suit is brought to enforce the lien."

The first count in plaintiff's declaration sets out the written contract in accordance with which plaintiff agreed to furnish labor and materials.

From the agreed statement it appears that plaintiff installed an elevator in a Portland building which, with the land on which it stood, subject to rights of mortgagees, was owned by defendant and in its possession, and that there is due plaintiff, "on account of said contract the sum of fifteen hundred and sixty dollars ($1,560.00) with interest from the 15th day of October 1930, together with costs of this action," and further, that the statutory notice was duly recorded.

The declaration continues as follows: "And the plaintiff avers that it has complied with all the terms and conditions of said contract, installed the materials and furnished the labor required to complete the contract, in the building located at 234 Middle Street, Portland, Maine," and proceeds: "That this suit is brought to enforce a lien for said sum of fifteen hundred and sixty dollars ($1,560.00)."

In the second count plaintiff avers: "That this suit is brought to enforce a lien for the above sum ($1,560.00) for labor performed and materials furnished by said plaintiff, upon the buildings owned and occupied by the said defendant, and situated on the south-easterly side of Middle Street in said Portland, and numbered 234 on said Street."

In regard to the sufficiency of the declaration as a lien claim: In an analogous case, assumpsit to enforce a lien claimed on logs, our court said: "The writ is unskillfully framed, but still the meaning of the allegations may be easily enough understood.

"It must be regarded as sufficient for a lien-claim if it comes within the requirement prescribed by the act of 1862, which dispenses with the necessity of any allegations outside of the common forms of the common law, except that the declaration must disclose that the suit is brought to enforce a lien upon the property attached." *Parks* v. *Crockett*, 61 Me., 489-497.

And in interpretation of lien statutes courts will "construe them liberally to further their equity and efficacy when it is clear that the lien has been honestly earned, and the lien claimant is within the statute." *Shaw* v. *Young*, 87 Me., 271.

In harmony with our former adjudged cases we hold the declaration in this case sufficient.

Although we have not a full and complete record before us we find in the record, and by obvious inference therefrom enough to convince the court, that the lien was created on real estate; that it attached to real estate, and not to the building as personalty.

A lien such as claimed here is created or springs into being when certain definite conditions arise.

It attaches, to real or personal estate, when a proper and sufficient claim is filed by the claimant in the repository appropriate to a claim against property of either class, effective from date of creation.

But the object to which it attaches is primarily the building. A laborer's or materialman's lien, under our statute shall exist on a building, by virtue of a contract with or by consent of the owner, "and on the land on which it stands."

The declaration in this case might have been differently worded. It was framed long after the lien was created, and filed within the time fixed for filing. We assume the claim was filed as against real estate, and that the attachment commanded in the writ was made on real estate, although record of neither is certified to us.

Returning again to the declaration, we note that the excerpts quoted above are all that may shed any light on the point under discussion.

The pleader recites that plaintiff installed materials and furnished labor in the building located at 234 Middle Street, and again, seeks to enforce a lien for labor performed and materials furnished upon the buildings situated on Middle Street and numbered 234.

The title, at the creation of the lien, being in one who had the same interest in both building and land, we hold the declaration not defective for uncertainty, and that the lien attaches to the building and the lot on which it stands.

Execution to run, however, against such interest only as defendant had in the property on the 29th of May, 1930, with interest on the amount claimed from October 15 of that year.

The exception was reserved to the ruling of the court below in confirming the finding of the Referee that plaintiff can not enforce its lien because of its attempted reservation of title to the materials furnished to secure payment of plaintiff's bill.

This ruling is a decision of law, and to such the right of exception was reserved.

Our decision on the correctness of this finding is not reached by reference to any statute, and so far as we are advised the precise question now in issue had not been heretofore ruled upon by this court. Here we find the logic and conclusions of other courts of great assistance.

In a case coming up to the circuit court from Tennessee, for the enforcement of a mechanic's lien under a statute similar to ours, whereby the contract title to the machinery installed was retained by the lienor until the same was fully paid for, the court held: "The retention of title till payment was made for the machinery was in no way inconsistent with the statutory lien given upon the lot of ground or tract of land. The purpose of the stipulation was to secure the payment of the purchase money to be paid for the machinery.

The retention of title was in the nature of a specific lien upon the identical machinery furnished. It was not inconsistent with the lien given by the statute upon the premises on which the machinery was placed or erected. Nor does it, as matter of law, show any intention of waiving the latter lien. Retaining title as a means of securing payment on the part of defendants did not impose upon com-

plainant any duty or obligation to assert such title by resuming possession of the machinery. Complainant could still look to defendants personally for the payment of the purchase price of the machinery, and to any and all other remedies conferred by law to enforce its payment.

Instead of being inconsistent, it was merely additional security to that provided by the statute. It certainly does not establish, as matter of law, that in thus retaining title to the machinery complainant has waived its statutory lien upon the lot of ground or premises on which the machinery was placed." (Citing *Railroad Co.* v. *Rolling Mill Co.*, 109 U. S., 719) *Case Mfg. Co.* v. *Smith*, 40 Fed., 339.

The above decision is followed in: *Henry & Coatsworth Co.* v. *Bond*, 37 Neb., 207, 55 N. W. 643; *Peninsular G. E. Co.* v. *Norris*, 100 Mich., 496, 59 N. W., 151; *Hooven O. & R. Co.* v. *John Featherstone's Sons*, 49 C. C. A., 243, 111 Fed., 81-95; *Elwood State Bank* v. *Mock*, 40 Ind. App., 685, 82 N. E., 1003; *Geppelt* v. *Mid. W. Stone Co.*, 90 Kan., 539, 135 P., 573; *M. A. Phelps Lumber Co.* v. *McDonough Mf'g. Co.* (Wash.) 202 Fed., 445, where it is stated the authorities are uniform; *Presque Isle Sash & Door Co.* v. *Reichel*, 179 Mich., 466, 146 N. W., 231; *Ind. Meat Co.* v. *Crane*, 21 Ariz., 1, 184 P., 992; *Otis Elevator Co.* v. *Stafford*, 95 N. J. L., 79, 111 A., 695; *In re Gambrill Mf'g. Co.* (Md.) 283 Fed., 349.

As between materialman and owner of the building, retention of title to machine and materials furnished was but security additional to the statute lien and not inconsistent with pursuing the lien claim.

*Exceptions sustained.*