**BELLEGARDE CUSTOM KITCHENS**

v.

**Arnold LEAVITT, sometimes d/b/a Leavitt Lumber Co., et al.**

Supreme Judicial Court of Maine.

Oct. 25, 1972.

Clifford & Clifford, by Jere R. Clifford, Lewiston, for plaintiff.

Linnell, Choate & Webber, by G. Curtis Webber, John R. Linnell, Auburn, Harris M. Isaacson, Lewiston, Benjamin Butler, Farmington, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEATHERBEE, Justice.

The Presiding Justice dismissed the complaint of Bellegarde Custom Kitchens

which sought to preserve and enforce a materialman's lien for materials used in the construction and alteration of the home of the Defendants Jacques under a contract with the builder, the Defendant Arnold Leavitt. The Plaintiff has appealed. Of the Defendants, only the Jacques are involved in the appeal.

The Plaintiff's action was filed in the office of the Clerk of Courts 91 days after the last of the materials were furnished. The Justice concluded that Plaintiff's action was filed a day too late to give the Court jurisdiction. 10 M.R.S.A. § 3255—the statute which creates the action to preserve and enforce the lien and upon which the Plaintiff relies—reads:

"The liens mentioned in sections 3251 to 3254 may be preserved and enforced by action against the debtor and owner of the property affected and all other parties interested therein, filed with the clerk of courts in the county where the house, building or appurtenances, wharf, pier or building thereon, on which a lien is claimed, is situated, *within 90 days* after the last of the labor or services are performed or labor, materials or services are so furnished, *and not afterwards*, except as provided in section 3256." [1] (Emphasis added).

The 90th day following the furnishing of the materials fell on Sunday. The Plaintiff-Appellant urges us that the Maine Rules of Civil Procedure now control the determination of the last day in which the action created by section 3255 may be filed. M.R.C.P., Rule 6(a) provides:

"In computing any period of time prescribed or allowed by these rules, by order of court, or *by any applicable statute*, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a holiday. . . . " (Emphasis added).

The sole issue presented is whether Rule 6(a) is applicable to the computation of time under section 3255. If it is, the Plaintiff's filing of its action on Monday, although it was on the 91st day, was timely. The Presiding Justice considered that it was not timely.

We agree with the Justice.

■ It is well settled that—apart from the effect of Rule 6(a), if any—the statutory limitation of time in which the action may be filed permits no exception (except the express exception as to death, bankruptcy or insolvency of the owner found in section 3256).

In early 1903 a materialman's lien could be enforced in one of two methods—by a bill in equity filed with the clerk of courts within 90 days of the last furnishing of materials "and not otherwise" (P.L.1895, Chap. 30, § 2) or by an action at law commenced by attachment made within 90 days of the last furnishing of materials. P.L. 1897, Chap. 232, § 1.

The Legislature had omitted adding as to the action at law the emphasizing words "and not otherwise" or other similar words.

Nevertheless, in Oakland Manufacturing Company v. Lemieux, 98 Me. 488, 57 A. 795 (1904) this Court construed chapter 232, section 1 and held that the statutory 90 day period during which such an attachment could be made did not extend beyond the 90th day although that day fell on a Sunday. The Court said:

" . . . It is fair to presume that if the Legislature had intended such a result [that is, the extension of the statutory period], it would have expressed that intention in unmistakable terms. . . . "

The Legislature, presumably aware of the Court's conclusion, did not see fit to

---

1. In addition to the remedy provided by section 3255, section 3262 provides for attachment.

add language which would have extended the 90 day period if the last day should fall on a Sunday. In fact, in the Revised Statutes of 1903, the Legislature had already acted (although not in time to have effect upon the action at law in *Oakland* which had already been commenced) to remove any possible uncertainty as to its intention that the right to enforce the lien by actions in *either* equity or law must be commenced within 90 calendar days. In R.S.1903, Chap. 93, section 33 the language as to the equitable action was changed from "within 90 days . . . and not *otherwise*" to read "within 90 days . . . and not *afterwards*". (Emphasis added). In section 40 the Legislature added the same emphatic language requiring actions at law, also, to be commenced "within 90 days . . . and not afterwards."

It appears to us that the Legislature's decision in 1903 to add the words of emphasis which it had omitted in 1897 together with its failure to act to liberalize its strict limitation following the decision in *Oakland* leaves no doubt as to its then determination that the right to enforce the materialman's lien should not survive the end of the 90th calendar day.

There the matter stood until the adoption of Rule 6(a) in 1959.[2]

The Maine Rules of Civil Procedure were promulgated by this Court in 1959 on the express authorization of the Legislature.

"The Supreme Judicial Court shall have the power to prescribe, by general rules, for the District and Superior Courts of Maine, the forms of process, writs, pleadings and motions and the practice and procedure in civil actions at law. *Said rules shall neither abridge, enlarge nor modify the substantive rights of any litigant. . . .* After the effective date of said rules as promulgated or amended, all laws in conflict therewith shall be of no further force or effect." (Emphasis added). 4 M.R.S.A. § 8.

As the Enabling Act gave the Court no authority to promulgate rules which would affect the substantive rights of parties, the "applicable statute[s]" which Rule 6(a) would control must be those concerned with procedural matters.

The dividing line between substance and procedure is not always easily discernible.

A procedural statute has been defined as one which neither enlarges nor impairs substantive rights but rather relates to the means and procedures for enforcing these rights. McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Romano v. B. B. Greenberg Co., 273 A.2d 315 (R.I.1971). See also 2 Moore's Federal Practice, § 1.04.

It seems to us that the authors of Maine Civil Practice, in discussing the application of the Rules to procedural as distinguished from substantive matters, used a correctly reasoned example, saying:

" . . . [T]he question whether an action is barred by a statute of limitations is a matter of substance; but the question as to when an action is considered to have been commenced so as to toll the statute of limitations is presumably procedural." [3] Field, McKusick and Wroth, Maine Civil Practice, Vol. 1, § 1.2.

---

2. The language of R.S.1903 §§ 33 and 40 continued in our statutes without significant change until 1959 when certain amendments were made to harmonize the statute with the new Civil Rules, as is later discussed.

3. Federal Courts appear to disagree as to whether Federal statutes of limitation are controlled by the Federal Rule 6(a). One line of cases holds that Rule 6(a), being procedural, cannot extend a substantive limitation period, accepting the conclusion stated by the Court in Joint Council Dining Car Employees Local 370 v. Delaware, L. & W. Ry. Co., 157 F.2d 417, 420 (2nd Cir. 1946):

" . . . Rule 6(a) is a rule of procedure relating to acts done or proceedings had after the commencement of action and to any statutes expressly applicable to such proceedings."

■ However, there is a significant distinction between a statute of limitations and a statute such as the present one which creates a special right of action for the benefit of a lien claimant. The former is available as an affirmative defense, is not jurisdictional and can be waived. Warren v. Walker, 23 Me. 453 (1844). The statute presently under consideration is one which creates a special right which was unknown to the common law. Andrew v. Bishop, 132 Me. 447, 172 A. 752 (1934); Otis Elevator Company v. Finks Clothing Company, 131 Me. 95, 159 A. 563 (1932). The Legislature saw fit to provide that this right should exist only during a limited period and the Court is without jurisdiction to entertain such an action as this when the period of its availability has expired. Pray v. Millett, 122 Me. 40, 118 A. 721 (1922); Andrew v. Bishop, supra.

■ We have no doubt but that a statute which creates a right of action for a materialman to take the property of the owner of real estate in satisfaction of his claim is substantive in nature. The Legislature determined that this new right of enforcement would be available only to those persons who exercised the new right by filing their action with the clerk of courts within 90 days of the furnishing of the materials (or by attachment made within the same period). Insofar as it concerns the period of time during which the action is available, the statute deals with substantive rights.

Professor Moore has said of the Federal Rule:

"Rule 6(a) is, of course, a procedural rule that governs the computation of time for doing some act in the course of the proceeding. It could not be said to apply expressly to a statute of limitations. Thus assume that the statutory period expires on a Sunday and the action is not commenced until the following day. The rule, while governing the computations of time thereafter to be made, could not apply directly to determine the computation of a period of time (here the statutory period) that is anterior to the time when the Federal Rules . . . begin to apply.

We do not consider that the adoption of the Rule can, in itself, enlarge the availability of a special remedy of limited existence. Both the right of the materialman to take the noncontracting owner's property and the time within which the Legislature has made available the statutory remedy to accomplish this are substantive matters.

However, the Plaintiff urges us that, even if this is true, *when* an action *is* properly filed is a purely procedural question.

This view is illustrated by the decision in Bolduc v. United States, 189 F.Supp. 640 (D.C.Me.1960) where a complaint brought under the Federal Tort Claims Act was received by the Clerk by mail during the limited statutory period for filing. The Clerk did not file the complaint until 10 days later when he had received the required statutory $15.00 filing fee, by which time the two year period for commencing such an action had expired. Judge Gignoux, relying on Parissi v. Telechron, Inc., 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955), held that the action was commenced when the complaint was received in the Clerk's office.

The present case presents no issue as to *when* the action was commenced.

The complaint bore the date of November 9, the 91st calendar day. It was filed in the Clerk's office on November 9. There is no pretense that the complaint was commenced on any earlier date.

. . ." 2 Moore's Federal Practice, § 6.06 [2].
Some Federal Courts consider the Rule inapplicable to cases where the claim is of statutory origin. Robinson v. Celebrezze, 237 F.Supp. 115 (D.C.Tenn.1964). The majority Federal rule appears to be that Rule 6(a) does apply to Federal statutes of limitations, some Courts finding that the Rule merely declares a rule of statutory construction and provides a new method of computing the statutory period. Wilson v. Southern Ry., 147 F.2d 165 (5th Cir. 1945). This problem is discussed in Wright and Miller, Federal Practice and Procedure, Vol. 4, § 1163, Barron and Holtzoff, Federal Practice and Procedure, Vol. 1, § 212.

The Plaintiff urges us that the Legislature's own action relative to the statute in question demonstrates that body's intent that the limits within which the action permitted by section 3255 may be commenced should be determined by Rule 6(a). The conclusion which we draw from the legislative action is opposite from that which is urged by the Plaintiff.

The promulgation of our Maine Rules of Civil Procedure was preceded by considerable cooperative effort on the part of the Advisory Committee on Rules, its Consultant, the Director of Legislative Research and the Judiciary Committee of the Legislature [4] in which the existing statutes relating to civil procedure were examined and legislation to accomplish necessary and appropriate statutory changes was proposed. These changes were enacted as P.L. 1959, Chap. 317 and became effective on December 1, 1959 simultaneously with the effective date of the new Rules. Although several changes were than made in what are now sections 3255 and 3262, mainly to reflect the merger of law and equity, the Legislature chose to retain in section 3255 the requirement that actions to enforce the liens must be commenced "within 90 days . . . and not afterwards . . . ".[5]

We consider it significant that the Legislature, presumably aware of the effect upon procedural matters to be achieved by the imminent promulgation of Rule 6(a), still remained fast in the use of the words "and not afterwards", language which does not suggest a legislative adoption of the method of computation provided by the rule.

" . . . Under the established rules of statutory construction, it is to be presumed that the Legislature repeated the words in their later enactments with full knowledge of the judicial construction placed upon them and with the intention that the meaning which had already at-tached to them should remain unchanged. . . . There are no qualifying or explanatory provisions in the later statutes indicating a contrary intention." Inhabitants of Town of Winslow v. Inhabitants of City of Old Town, 134 Me. 73, 181 A. 816 (1935).

■ Finally the Plaintiff argues that even if the requirements of section 3255 are substantive and beyond the direct effect of Rule 6(a) the method of computation embodied in Rule 6(a) should be applied indirectly to the statute by statutory interpretation. The rationale of this contention is that the Legislature, having empowered the Court to adopt liberal changes in procedure, would, in the interests of uniformity and the application of similar policy considerations, wish this statute to receive a similar liberal construction. There is precedent for adopting a method of computation created by a rule as an aid to construction of statutes of limitation but this is generally considered justified only when there is no language of the statute or of a prior judicial interpretation which indicates a contrary legislative intent. Union National Bank of Wichita, Kan. v. Lamb, 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190 (1949); Romaine v. State Farm Mutual Automobile Insurance Company, 485 P.2d 102 (Nev. 1971); Brown v. Porter, 13 Mich.App. 6, 163 N.W.2d 709 (1968); Joint Council Dining Car Employees Local 370 v. Delaware, L. & W. Ry. Co., supra. Other courts have declined to extend a statute of limitations by analogy to the rule in the face of previous judicial interpretation to the contrary. Fulghum v. Baxley, 219 S. W.2d 1014 (Tex.Civ.App.1949); Davis v. United States Fidelity & Guaranty Company, 119 Ga.App. 374, 167 S.E.2d 214 (1969).

" . . . [I]n computing such periods of time a court may well adopt, by

---

4. See Foreword by former Chief Justice Robert B. Williamson, Field, McKusick and Wroth, Maine Civil Practice, Vol. 1, supra.

5. With the merger of law and equity section 3262 no longer provides a separate action at law but permits attachments made "within 30 days . . . and not afterwards".

analogy, the method of computation prescribed by Rule 6, *unless there is something in the statute of limitations (or decisions construing it)* which does not warrant the adoption of such a method." (Emphasis added). 2 Moore's Federal Practice, § 6.06 [2].

A fortiori, because of the fact that we are not dealing with a statute of limitations but with a statute which creates a special limited right of action, we are convinced that we would not be justified in declaring a legislative intent to apply the Rule 6(a) method of computation to section 3255 in view of this Court's directly contrary construction in *Oakland Manufacturing Company* and the Legislature's apparent contrary intent reflected in its retaining the language "and not afterwards" after the promulgation of the rules.

Appeal denied.

All Justices concurring.

WEBBER, J., did not sit.