1998 ME 155

**Edith TESSEO, et al.**

v.

**Alta BROWN.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 11, 1998.

Decided June 17, 1998.

---

1. The parties do not dispute that the accident occurred and the cause of action accrued on March 21, 1991.

2. Title 14 M.R.S.A. § 752 (1980) provides:

    **§ 752. Six Years**

Peter B. Bickerman, Augusta, Joseph T. Walsh, Jr., Bangor, for plaintiffs.

Frederick F. Costlow, Barri L. Bloom, Richardson, Whitman, Large, & Badger, P.C., Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA and SAUFLEY, JJ.

CLIFFORD, Justice.

[¶ 1] Edith and Donald Tesseo commenced this action by filing a complaint in the Superior Court (Penobscot County) on Monday, March 24, 1997. Their complaint alleges that Alta Brown negligently caused bodily injury to Edith Tesseo in an accident that occurred on March 21, 1991.[1] Donald Tesseo seeks recovery for loss of consortium. The court (*Alexander, J.*) dismissed the complaint on the ground that the suit was barred by 14 M.R.S.A. § 752,[2] the statute of limitations applicable to the Tesseos' cause of action. Concluding that the court correctly computed the statute of limitations period, we affirm the judgment.

[¶ 2] The Tesseos contend that a suit commenced on Monday, March 24, 1997,

All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards, except actions on a judgment or decree of any court of record of the United States, or of any state or of a justice of the peace in this State, and except as otherwise specially provided.

based on an act occurring on March 21, 1991, is not barred by a six-year statute of limitations, because M.R. Civ. P. 6(a) is applicable to the computation of the limitation time period and operates to extend the period to March 24. Rule 6(a) provides:

In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, or default after which the designated period begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a holiday....

[¶ 3] Brown contends that even if Rule 6(a) is applicable, the majority of both federal and state courts that have addressed the issue have concluded that the anniversary date of the accrual of the tort is the last day for instituting an action. Because the anniversary date was March 21, 1997, and that day was a Friday, the claim, filed *after* the 21st, would be untimely.

[¶ 4] Although in the past we have construed Rule 6(a) as applying only to statutes concerned with procedure, *see Bellegarde Custom Kitchens v. Leavitt*, 295 A.2d 909, 911 (Me.1972),[3] subsequent to *Bellegarde* the Legislature amended 1 M.R.S.A. § 71(12),[4] expanding the applicability of Rule 6(a) "to statutory time periods related to the *commencement*, pursuit, or enforcement of civil actions." *State Farm Mut. Auto. Ins. Co. v.*

*Libby*, 655 A.2d 880, 883–84 (Me.1995) (emphasis added). Accordingly, Rule 6(a) applies to the computation of the limitation period provided in 14 M.R.S.A. § 752.

[¶ 5] Pursuant to rule 6(a) the six-year statute of limitations in 14 M.R.S.A. § 752 began running, not on March 21, 1991, but on March 22, 1991.[5] The Tesseos contend that the last day of the six-year period that began to run on March 22, 1991, is March 22, 1997. They argue that because March 22, 1997 falls on Saturday, pursuant to Rule 6(a), the statutory period is extended until the end of Monday, March 24, 1997, making the filing of their complaint on that day timely. We disagree.

[¶ 6] The Tesseos correctly assert that pursuant to 1 M.R.S.A. § 72(30), a "year" means a calendar year. The six-year period commencing on the day following the accrual of the cause of action, however, cannot end after the anniversary date of that accrual without exceeding the six-year limitation period. The Tesseos' computation counts March 22nd twice: on the first day of the period, and again on the period's purported final day. No complicated analysis is required to see that this would result in allowing the plaintiff precisely six years and one day in which to file suit. Title 14 M.R.S.A. § 752, however, provides that "[a]ll civil actions shall be commenced *within 6 years after the cause of action accrues and not afterwards*...." (emphasis added).

**3.** In *Bellegarde*, we concluded that Rule 6(a) was inapplicable to the computation of time under a materialman's lien statute that required filing "within 90 days after the last of the labor or services are performed," and that the filing of the plaintiff's action on Monday, although it was on the 91st day, could not be considered timely. *Bellegarde*, 295 A.2d at 910, 914. Because the Maine Rules of Civil Procedure were promulgated based on the limitation that they "shall neither abridge, enlarge nor modify the substantive rights of any litigant," *Bellegarde*, 295 A.2d at 912, we chose not to "enlarge the availability of a special remedy of limited existence," *id.* at 911, reasoning that a statute that creates a right of action for a materialman to take the property of the owner is "substantive in nature." *Id.* at 912.

**4.** Title 1 M.R.S.A. § 71(12) provides in pertinent part:

**12.** Statutory time periods. The statutory time period for the performance or occurrence of any act, event or default which is a prerequisite to or is otherwise involved in or related to the commencement, prosecution or defense of any civil or criminal action or other judicial proceeding ... shall be governed by and computed under Rule 6(a) of the Maine Rules of Civil Procedure as amended from time to time....

**5.** *See also* 51 Am.Jur.2d *Limitation of Actions* § 59 (1970) ("[T]he general rule followed in all but a few jurisdictions is that in the computation of time prescribed by a statute of limitations, the first day, or the day upon which the cause of action accrued, is to be excluded.").

[¶ 7] Although some courts have computed the time periods to allow the extra day to file, the better rule that derives from the language of our statute and is consistent with numerous other jurisdictions is that a statute of limitations that uses calendar year periods expires on the anniversary date of the accrual of the action. As explained by one court:

[T]he plaintiffs were required to file their complaint within the three years next after March 30, 1991, which was the day after the events giving rise to the cause of action. We note that pursuant to [R.I. statute] the word "year" shall be construed to mean a calendar year. We therefore hold that ... the plaintiffs were required to commence suit, if at all, by March 29, 1994, which date represents the three-year calendar anniversary of the cause of action.

*Burke v. Rhode Island College,* 671 A.2d 803, 804 (R.I.1996).[6] The rule allows for the full period provided for by the statute of limitations as computed pursuant to Rule 6(a).

[¶ 8] Because the anniversary date of the accident in this case fell on March 21, 1997, a Friday, the Tesseos cannot take advantage of the extension that M.R. Civ. P. 6(a) would allow if the anniversary date had fallen on a weekend or a holiday. *See Dishon v. Oliver,* 402 A.2d 1292, 1294 (Me.1979) (applying M.R. Civ. P. 6(a) to conclude that when the sixtieth day after entry of a divorce judgment was a Sunday, the 60–day period for recording ran until the end of the next day).

The entry is:

Judgment affirmed.

---

**6.** Many courts follow this anniversary-of-the-accrual-date rule without articulating the mechanical principle behind it. *See Ciampa v. January,* 1992 Mass.App.Div. 204, 1992 WL 315936 (1992) ("[T]he effect of [rule 6(a)], where a prescribed time such as a statutory limitations period is set forth on an annual basis, is that the last day of each year to be counted falls on the anniversary date of the incident or event in question."); *Day v. Morgenthau,* 909 F.2d 75, 79 (2nd Cir.1990) ("When the applicable limitations period is measured in years, ... the anniversary date [of the date of accrual is] the last day for instituting action.") (quoting *Evans v. Hawker–Siddeley Aviation, Ltd.,* 482 F.Supp. 547, 550 (S.D.N.Y.1979)) ("[T]he date of the event in question is excluded from computation of the limitations period. When the applicable limitations period is measured in years, as it is here, this rule results in the anniversary date as the last day for instituting an action.").