STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-253

CAROL F. CHAVARIE and
RAYMOND CHAVARIE,

     Plaintiffs

v.

MAINEGENERAL MEDICAL
CENTER,

     Defendant

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

MAY 30 2002

This matter is before the court on the defendant's motion for summary judgment which seeks final disposition of this case in its favor because the complaint was filed beyond the applicable statute of limitations.

"A summary judgment is proper, 'if the evidence demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to [a] judgment as a matter of law.'" *Dickinson v. Clark*, 2001 ME 49, ¶ 4, 767 A.2d 303, 305 (quoting *Peterson v. State Tax Assessor*, 1999 ME 23, ¶ 6, 724 A.2d 610, 612); M.R. Civ. P. 56(c).

In this instance, there are no genuine issues of material fact. The defendant has asserted in its Statement of Undisputed Material Facts that the plaintiffs' complaint was filed with this court on November 30, 2000, but that the event which allegedly caused Carol Chavarie's injuries occurred on November 28, 1994. That being so, the defendant asserts that the six-year statute of limitations that would apply to this personal injury case expired two days before the complaint was filed. 14 M.R.S.A. § 752; *Tesseo v. Brown*, 1998 ME 155, ¶ 7, 712 A.2d 1059, 1061 (statute of limitations expires on the anniversary date of the accrual of the action).

The plaintiffs contest none of the defendant's factual assertions and agree that the statute of limitations expired as to Carol Chavarie's case because her injuries occurred on November 28, 1994, which the record would show is six years and two days before the complaint was filed.

Notwithstanding this daunting circumstance, the plaintiffs offer several arguments in their quest to keep this case alive. The first of these, later abandoned at oral argument on this motion, is that the court ought to exercise its discretion via M.R. Civ. P. 6(b)(2), find excusable neglect, and permit the late filing of the complaint. As the plaintiffs ultimately conceded, M.R. Civ. P. 6(b)(2) cannot be used to extend the filing date for a complaint in order to expand the statute of limitations. The latter is, of course, a statutory provision which may be modified by a procedural rule only insofar as the Legislature has permitted. *Bellegarde Custom Kitchens v. Leavitt*, 295 A.2d 909, 913 (Me. 1972); *Anderson v. Neal*, 428 A.2d 1189, 1190-91 (Me. 1981). Because the Legislature has not given the courts the authority to extend the statute of limitations and because Rule 6 only purports to extend time periods established in the civil rules or "by a notice given thereunder," there is no basis to conclude that this judicially crafted rule may be used to extend the statute of limitations for "excusable neglect." M.R. Civ. P. 6(b)(2).[1]

At oral argument, the plaintiffs also offered the proposition, not articulated in their memorandum in opposition to this motion, that the defendant acquiesced to the earlier assertion by Carol Chavarie in her worker's compensation claim that her injury had occurred on December 5, 1994. That being so, the plaintiffs argue, the defendant is

---

[1] The Legislature has given the courts the authority to establish rules as to computation of time periods, but not for their enlargement. *Bellegarde v. Custom Kitchens*, 295 A.2d at 913. *See also* 1 M.R.S.A. § 71(12).

2

estopped from now relying on the historically accurate fact that Carol Chavarie was injured on November 28, 1994, rather than December 5, 1994.

Several factors defeat this creative argument. First among these is the alleged "fact" that the defendant had accepted December 5, 1994, as the date of injury appears no where in the summary judgment material properly before the court. Second, the plaintiffs have given the court documents some of which show the date of injury as November 27, 1994, November 28, 1994, or December 5, 1994. None of these documents have either been properly authenticated or supported by an affidavit, however, and are therefore not admissible evidence which may be considered in opposition to a motion for summary judgment. M.R. Civ. P. 56(e); *Estate of Althenn v. Althenn*, 609 A.2d 711, 714 (Me. 1992). Because none of this material is properly before the court via proper summary judgment procedure, it cannot be considered as a basis to defeat the defendant's motion. M.R. Civ. P. 56(h)(2).

In sum, because the material properly before the court unmistakably supports the conclusion that the plaintiffs' cause of action accrued on November 28, 1994, and the complaint was filed on November 30, 2000, the six-year statute of limitations had expired and the defendant is entitled to judgment in its favor on the complaint.

Accordingly, the entry will be:

Defendant MaineGeneral Medical Center's Motion for Summary Judgment is GRANTED; judgment to be ENTERED for the defendant on the plaintiffs' complaint.

So ordered.

Dated: May 8 , 2002

John R. Atwood
Justice, Superior Court

3

Date Filed __11/30/00__ __Kennebec__ Docket No. __CV00-253__
County

Action ___Property Negligence___

Continued
In Mejis

J. ATWOOD

__Carol F. & Raymond Chavarie__ vs. __Maine General Medical Center__

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Randall E. Smith, Esq.<br>199 Main Street<br>P.O. Box 1179<br>Saco, Maine 04072 | Martha C. Gaythwaite, Esq.   (12/20/00)<br>Six City Center<br>P.O. Box 4726<br>Portland, Maine 04112-4726 |

| Date of Entry | |
|---|---|
| 11/30/00 | Complaint, filed. s/Smith, Esq.<br>Case File Notice mailed to atty. |
| 12/8/00 | Original Summons with Service made on Maine General Medical Center on 12/1/00, filed. |
| 12/20/00 | Defendant Maine General Medical Center's Answer, Affirmative Defenses and Jury Demand to Plaintiffs' Complaint, filed. s/Gaythwaite, Esq. |
| 12/22/00 | SCHEDULING ORDER, Atwood, J.<br>"Scheduling Order filed.  Discovery deadline is August 22, 2001."<br>Copies mailed to attys of record. |
| ------- | Notification of Discovery Service of Defendant Maine General Medical Center's First Request for Production of Documents Propounded Upon Plaintiff Carol F. Chavarie served on Randall Smith, Esq. on 12/21/00, filed.  s/M. Gaythwaite, Esq. |
| ------- | Notification of Discovery Service of Interrogatories Propounded to the Defendant served on Martha Gaythwaite, Esq. on 12/21/00, filed  s/R. Smith, Esq. |
| 1/22/01<br><br>***** | Defendant Maine General Medical Center's Demand for Jury Trial, filed. s/Guerette, Esq.<br>Jury fee paid. |
| 2/2/01 | Notification of Discovery Service of Defendant, MaineGeneral Medical Center's Answers to Interrogatories served on Randall Smith, Esq. on 2/1/01, filed.  s/S. Guerette, Esq. |
| 2/7/01 | Notice of Discovery of Notice to Take Oral Deposition of Joseph Oliveri served on Randall Smith, Esq. on 2/6/01, filed.  s/S. Guerette. |