397 P.2d 984

Joe TOTORICA, Plaintiff and Respondent,

v.

Ray E. THOMAS et al., Defendants,
Reliance National Life Insurance Company,
a corporation, Defendant and Appellant.

No. 10152.

Supreme Court of Utah.

Jan. 5, 1965.

Pugsley, Hayes, Rampton & Watkiss, Salt Lake City, for appellant.

Louis M. Haynie, Mas Yano, Salt Lake City, for respondent.

WADE, Justice.

This action involves the priorities between lien claimants. The major portion of the construction of an addition to a home owned by defendant, Ray E. Thomas, had been completed by plaintiff and respondent, Joe Totorica, the contractor, before appellant Reliance National Life Insurance Company had recorded a mortgage securing a loan on the property in question. This appeal is from the determination by the court that plaintiff's action to foreclose his mechanic's lien was timely, and that plaintiff's lien was superior to that

of the mortgagee defendant, Reliance National Life Insurance Company.

The evidence discloses that plaintiff Joe Totorica had entered into the contract to construct the residence on May 28, 1961, and had sufficiently constructed the premises so that Daniel Thomas, the brother of defendant, Ray E. Thomas, was able to occupy it in September, 1961. However, in September, 1961, there were still some odds and ends which had to be done before the premises could be considered completely constructed such as installing an aluminum mullion in the corner of a corner window to prevent the wind and weather coming through an opening otherwise left in said corner, plastering the foundation, which plastering had to be done in mild weather and would be unsatisfactory if done during cold winter months and painting the carport. The painting could have been done before April, 1962, but was not done because Mr. Thomas had indicated to Mr. Totorica that he wanted another painting contractor to do it, but when he couldn't get that person, Mr. Totorica had to get it done. Mr. Totorica also put in rain guttering in February, 1962, although his contract did not provide for this because

he considered that it was part of the contract and the residence would not be satisfactorily completed without it. He did not charge for this. All these minor jobs were done after January 22, 1962, the last work being done the first week in April, 1962.

Mr. Totorica recorded his notice of lien on April 10, 1962. It is to be noted that the finishing work mentioned herein was all done within 80 days prior to the recording of Mr. Totorica's lien. Mr. Totorica filed his action to foreclose his mechanic's lien on March 28, 1963. It is conceded that if Mr. Totorica's notice of lien was valid and filed in time, and if his suit was commenced in time, his lien was superior to the mortgage lien of the defendant Reliance National Life Insurance Company, whose loan was made on March 15, 1962, and the mortgage securing it recorded on March 23, 1962.

The court found as a fact that Mr. Totorica had filed his lien within 80 days after completion of his contract, and that there had been no suspension of work such as would bar an action under the provisions of Section 38-1-11, U.C.A.1953.[1]

1. 38-1-11. Enforcement—Time for—Lis pendens—Action for debt not affected.— Actions to enforce the liens herein provided for must be begun within twelve months after the completion of the original contract, or the suspension of work thereunder for a period of thirty days. Within the twelve months herein mentioned the lien claimant shall file for record with the county recorder of each county in which the lien is recorded a notice of the pendency of the action, in the manner provided in actions affecting the title or right to possession of real property, or the lien shall be void, except as to persons who have been made

Was Mr. Totorica's lien filed in time under the provisions of Section 38–1–7, U.C.A.1953? [2]

In Wilcox v. Cloward,[3] which both parties cite as an authority in its favor, this court said that small jobs made casually, and not in the pursuance of a natural and reasonable fulfillment of the obligation under the contract but made for the purpose of extending the time for filing notice of intention cannot have that effect; however, even small jobs if made to complete the contract, and not made too long after the principal work had been done, will be sufficient to extend the time. We are of the opinion that the district court's finding that the contract was not completed prior to 80 days before the filing of Mr. Totorica's lien is amply sustained by the evidence. The installing of the aluminum mullion in the window, the plastering, and the painting of the carport were all necessary items which had to be done if the contract was to be substantially completed. The explanations given why it was necessary to do the work at the times it was done appear satisfactory and it was reasonable for the trial court to conclude that the final construction was not delayed for the purpose of extending the time to file the notice of lien. The district court therefore did not err in finding that Mr. Totorica had a valid lien.

Was Mr. Totorica barred from bringing his action to foreclose his lien because he had failed to commence it in time under

parties to the action and persons having actual knowledge of the commencement of the action, and the burden of proof shall be upon the lien claimant and those claiming under him to show such actual knowledge. Nothing herein contained shall be construed to impair or affect the right of any person to whom a debt may be due for any work done or materials furnished to maintain a personal action to recover the same.

2. 38–1–7. Notice of claim—Contents—Recording.—Every original contractor within eighty days after the completion of his contract, and except as hereafter provided, every person other than the original contractor claiming the benefit of this chapter within sixty days after furnishing the last material or performing the last labor for or on any land, building, improvement or structure, or for any alteration, addition to or repair thereof, or performance of any labor in,

or furnishing any materials for, any mine or mining claim, must file for record with the county recorder of the county in which the property, or some part thereof, is situated a claim in writing, containing a notice of intention to hold and claim a lien, and a statement of his demand after deducting all just credits and offsets, with the name of the owner, if known, and also the name of the person by whom he was employed or to whom he furnished the material, with a statement of the terms, time given and conditions of his contract, specifying the time when the first and last labor was performed, or the first and last material was furnished, and also a description of the property to be charged with the lien, sufficient for identification, which claim must be verified by the oath of himself or of some other person.

3. Wilcox v. Cloward et al., 88 Utah 503, 56 P.2d 1.

the provisions of Section 38–1–11, U.C.A. 1953, which provides that actions to enforce a lien " * * * must be begun within twelve months after the completion of the original contract, or the suspension of work thereunder for a period of thirty days * * * ?"

It is appellant's contention that Mr. Totorica's action is barred under the above provision because the evidence is uncontradicted that there was a period of more than 30 days during which Totorica did not work under the contract before its completion and more than 12 months had elapsed since that period before this action was commenced. We find no merit to such contention. The statute provides that the action must be commenced within 12 months after the completion of the original contract, *or* the suspension of work thereunder for a period of 30 days. Such a conjunctive implies a choice. As stated in Webster's Unabridged New International Dictionary, 2d ed., the conjunctive "or" is a " * * * co-ordinating particle that marks an alternative * * * that is, you may do one of the things at your pleasure, but not both * * *." The Mechanic's Lien Law was made for the benefit of those who perform the labor and supply the materials.[4] To place appellant's interpretation on the meaning of this section would be to minimize a lien claimant's remedy without a clear mandate from the legislature requiring such an effect.

Were we to sustain appellant's contention we would emasculate the rights granted a lien claimant under the provisions of Section 38–1–7, U.C.A.1953, wherein the original contractor is given 80 days within which to file his notice of claim of lien *after the completion* of his contract. This right could prove to be illusive if the lien claimant's action was barred because a suspension of work for 30 days had occurred during any period while the contract was being performed and the contract was not completed for more than 12 months after such suspension of work. It needs no citation of authorities that wherever possible effect should be given to every part of an Act. We are therefore of the opinion that under the provisions of Section 38–1–11, U.C.A.1953, a lien claimant may bring an action within 12 months after the completion of his contract, or, if he wishes, bring it within 12 months after there has been a suspension of work for a period of 30 days.

Affirmed. Costs to respondent.

McDONOUGH, CROCKETT and CALLISTER, JJ., concur.

HENRIOD, C. J., concurs in the result.

4. Rio Grande Lumber Co. v. Darke, 50 Utah 114, 167 P. 241, L.R.A.1918A, 1193.