**PETTY INVESTMENT COMPANY,
Plaintiff and Appellant,**

v.

**Melvin MILLER dba Miller Sales, and Jennings-Hanna Investment Company, a corporation, Defendants and Respondents.**

**No. 15186.**

Supreme Court of Utah.

· March 9, 1978.

1. U.C.A., 1953, 7–15–1.

Wayne G. Petty of Moyle & Draper, Salt Lake City, for plaintiff and appellant.

Gaylen S. Young, Jr., Salt Lake City, for defendants and respondents.

MAUGHAN, Justice:

This is an appeal from a judgment dismissing plaintiff's claim for attorney's fees. The claim arises from services rendered by plaintiff's attorney in seeking to have a lien declared invalid. We reverse and remand for the award of attorney's fees. No costs awarded. All statutory references are to Utah Code Annotated, 1953.

Plaintiff, Petty Investment Company, brought an action in district court against Melvin Miller, doing business as Miller Sales. Petty claimed, (1) a lien recorded by Miller was invalid as against Petty, (2) Petty was entitled to damages pursuant to 38–1–24, for Miller's failure to cancel the lien and (3) for reasonable attorney's fees pursuant to 38–1–18. Miller counterclaimed, (1) asserting the validity of the lien and seeking to foreclose it. Other claims are immaterial here.

Petty moved for a partial summary judgment which was granted both as to his first claim, holding Miller's lien invalid, and as to Miller's first and second claims, each of which were dismissed with prejudice. The trial court denied the motion as to Petty's second and third claims.

At trial, Petty asserted only its third claim, that for attorney's fees. The court found Petty had incurred attorney's fees in connection with his first claim, but dismissed the claim for those fees. Petty's right to attorney's fees is the sole issue on appeal.

38–1–18 provides:

> In any action brought to enforce any lien under this chapter the successful party shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action.

Although plaintiff was the successful party in this action, this was not, initially, an action to enforce a lien such as referred to in the statute; but rather an action to have the lien declared invalid. Whether the statute would apply in this event alone we need not decide, for defendant's counterclaim seeking to foreclose the lien clearly resulted in a controversy to which 38–1–18 does apply.[1]

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.

---

1. *Palombi v. D & C Builders,* 22 Utah 2d 297, 452 P.2d 325 (1969).