AAA FENCING COMPANY and Ronald L. Kendell, Plaintiffs and Respondents,

v.

RAINTREE DEVELOPMENT AND ENERGY COMPANY and Galen J. Ross, Defendants and Appellants.

No. 19870.

Supreme Court of Utah.

Jan. 13, 1986.

Brant H. Wall, Salt Lake City, for defendants and appellants.

Darrell G. Renstrom, Ogden, for plaintiffs and respondents.

PER CURIAM:

This appeal arises out of a mechanics' lien foreclosure action.

Plaintiffs furnished labor and materials on premises purchased under contract by defendant Raintree Development and Energy (Raintree) and completed their work on January 10, 1982. When Raintree failed to pay, plaintiffs placed a timely lien on the premises but then sued Raintree for breach of oral contract. Plaintiffs obtained a money judgment against Raintree on January 14, 1983.

On June 29, 1982, the sellers of the property here at issue sold the property to defendant Galen J. Ross (Ross) when Raintree defaulted under its contract. Ross later brought suit to terminate the rights of Raintree to the property and to quiet title against plaintiffs and Raintree. Raintree was served with process but failed to answer or otherwise respond. On May 2, 1983, Ross obtained judgment against Raintree quieting title to the property and declaring all of Raintree's rights, title, interest and lien or estate in the land null and void.

Meanwhile, on March 7, 1983, after they discovered that Raintree was judgment-proof against their money judgment, plaintiffs instituted their mechanics' lien foreclosure action against defendants. Ross answered, but failed to plead the statutory bar as an affirmative defense. Plaintiffs' action was consolidated with Ross's quiet title action for purposes of trial. Both parties moved for summary judgment, and Ross for the first time raised the issue that plaintiffs were barred from bringing the foreclosure action as it was not filed in a timely manner. The court granted plaintiffs' motion for summary judgment and entered judgment against Ross in the amount of the lien, together with costs and attorney fees. Ross filed motions for an amendment of findings and a new trial which were denied. This appeal followed.

Ross appeals on several grounds, but his claim that plaintiffs' foreclosure action was barred for failure to institute their claim within the time prescribed by section 38–1–11 of the mechanics' lien statute is dispositive here. That section provides that actions to enforce liens must be begun within twelve months after the completion of the original contract.[1] Plaintiffs concede that they filed their complaint late, but argue that Ross has waived his rights to the statutory bar as he failed to plead it as an affirmative defense. They also claim that filing a lawsuit is only one form of "taking action to enforce the lien," and that filing a notice of lien is another action which they took in time. Moreover, continues their response, the foreclosure of a mechanics' lien is a matter of equity, and this Court should therefore construe the statute liberally in accordance with section 68–3–2 of the Utah Code.

■ Properly framed, the issue before us is whether an untimely action under our mechanics' lien statute affects the rights or merely the remedies of the parties. We disagree with plaintiffs that it affects merely their remedies and is therefore subject to waiver and estoppel as are procedural statutes of limitations and hold instead

---

1. 38–1–11. Enforcement—Time for—Lis pendens—*Action for debt not affected.—Actions to enforce the liens herein provided for must be begun within twelve months after the completion of the original contract, or the suspension of work thereunder for a period of thirty days. Within the twelve months herein mentioned the lien claimant shall file for record with the county recorder of each county in which the lien is recorded a notice of the pendency of the action, in the manner provided in actions affecting the title or right to possession of real property, or* the lien shall be void, except as to persons who have been made parties to the action and persons having actual knowledge of the commencement of the action, and the burden of proof shall be upon the lien claimant and those claiming under him to show such actual knowledge. Nothing herein contained shall be construed to impair or affect the right of any person to whom a debt may be due for any work done or materials furnished to maintain a personal action to recover the same.

that it is jurisdictional and forecloses their rights.

■■■■ Mechanics' liens are statutory creatures unknown to the common law. The purpose of the Utah mechanics' lien law is to provide protection to those who enhance the value of a property by supplying labor or materials. *Interiors Contracting Inc. v. Navalco,* Utah, 648 P.2d 1382 (1982). Although liens and pleadings arising under the statute will be liberally construed to effect the desired object, compliance with the statute is required before a party is entitled to the benefits created by the statute. *First Security Mortgage Co. v. Hansen,* Utah, 631 P.2d 919 (1981); *see also Schofield v. Copeland Lumber Yards, Inc.,* Nev., 692 P.2d 519 (1985); *Lewis v. Wanamaker Baptist Church,* 10 Kan.App.2d 99, 692 P.2d 397 (1984).

The law is clear in this jurisdiction that a mechanics' lien foreclosure action must be brought within twelve months after the original contract between the lienor and the lienee is completed, or relief will not lie. *Motivated Management International v. Finney,* 604 P.2d 467 (1979) (dictum); *Roberts v. Hansen,* 25 Utah 2d 190, 479 P.2d 345 (1971); *Totorica v. Thomas,* 16 Utah 2d 175, 397 P.2d 984 (1965). That failure to enforce a mechanics' lien within the statutory period is a jurisdictional question has not heretofore been decided by this Court. We therefore look to our sister jurisdictions with similar mechanics' lien statutes.

The definitive statement of the law on this issue was first rendered in *Fleshman v. Whiteside,* 148 Or. 73, 34 P.2d 648 (1934), 93 A.L.R. 1456. The court in that case

rejected the plaintiffs' identical argument that defendants had waived the defense of the statutory bar by failing to raise it by demurrer or answer and stated in pertinent part:

> While the contrary is held in California,[2] it is the rule in most jurisdictions that [the time limit provided for actions to enforce mechanics' liens] is not a statute of limitations, which is waived if not pleaded, but a statute limiting the duration of the lien. The remedy forms a part of the right and must be pursued within the time prescribed, or else both are lost. If an action is not brought within the time limited, the court is without jurisdiction to decree a foreclosure....

34 P.2d at 650, 93 A.L.R. at 1459.

That rule is still good law today. It was echoed in *Diamond National Corp. v. Dwelle,* 164 Conn. 540, 325 A.2d 259 (1973), where the court addressed the same issue and citing *Fleshman v. Whiteside* pronounced the statutory bar substantive or jurisdictional rather than procedural or personal. As the mechanics' lien is a creature of statute and fixes the time within which the right must be enforced, the court reasoned that "it is a limitation of the liability itself as created, and not of the remedy alone." Similar results were reached in *Well Done Heating & Sheet Metal Co. v. Ralph Schwartz & Associates,* 112 Ill. App.3d 438, 68 Ill.Dec. 3, 445 N.E.2d 451 (1983), *accord Garbe Iron Works, Inc. v. Priester,* 99 Ill.2d 84, 75 Ill.Dec. 428, 457 N.E.2d 422 (1983) (dictum); *Regal Wood Products, Inc. v. First Wisconsin Nation-*

---

**2.** California predicates its construction of the statutory limit as procedural statute of limitations upon a constitutional provision and requires that the statutory limitation be affirmatively pleaded. California Constitution article XX, section 15 reads as follows:

> Mechanics, materialmen, artisans, and laborers of every class, shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the Legislature shall provide, by law, for the speedy and efficient *enforcement* of such liens.

(Emphasis added.) For a historical abstract of the California Mechanic Lien Statute, *see Robinson v. S & S Development,* 256 Cal.App.2d 13, 63 Cal.Rptr. 663 (1967); *accord Petersen v. W.T. Grant Co.,* 41 Cal.App.3d 217, 115 Cal.Rptr. 874 (1974). A procedural statute has been defined as one which neither enlarges nor impairs substantive rights but rather relates to the means and procedures for enforcing these rights. *Bellegarde Custom Kitchens v. Leavitt,* Me., 295 A.2d 909, 911 (1972).

*al Bank of Milwaukee,* Fla.App., 347 So.2d 643 (1977); *Federal National Bank and Trust Co. of Shawnee v. Calsim, Inc.,* La. App., 340 So.2d 611 (1976); *Bellegarde Custom Kitchens v. Leavitt,* Me., 295 A.2d 909 (1972).

In *Cox v. Bankers Trust Co.,* 39 Colo. App. 303, 570 P.2d 6 (1977) (dealing with untimely joinder under the Colorado statute), the court held that the trial court was not vested with jurisdiction after the statutory period. Both in that case and in *King v. W.R. Hall Transportation and Storage Co.,* Colo., 641 P.2d 916 (1982) (also barring joinder after the statutory period), the court stated that the strict application of the statutory limit was based on the principle that extending the lifetime of a perfected lien would vest a lien creditor with greater rights than were granted by the statutory provision creating the rights. In addition, strictly limiting the time during which property is encumbered renders titles to real property and to interests and estates therein more safe, secure, and marketable. *Id.* at 920. *See also Wood Panel Structures, Inc. v. Grangaard,* 55 Or.App. 294, 637 P.2d 1320 (1981). In distinguishing mechanics' lien statutory periods from procedural statutes of limitations, the court in *Bellegarde Custom Kitchens, supra,* held that the trial court had no jurisdiction where a lienor filed one day late because the last statutory day for enforcing the lien fell on a Sunday. "The Legislature saw fit to provide that this right should exist only during a limited period, and the Court is without jurisdiction to entertain such an action as this when the period of its availability has expired." *Id.* at 912. The vitality of a lien created solely by statute depends on the terms of the statute, and parties may not by estoppel enact or enlarge a statute. *Boyce v. Knudson,* 219 Kan. 357, 548 P.2d 712 (1976).[3]

Plaintiffs claim that Ross knew about the lien when he purchased the property and the lower court therefore did not err in enforcing the lien against him. A similar claim was made in *D.M. Foley Co., Inc. v. North West Federal Savings & Loan Assoc.,* 122 Ill.App.3d 411, 77 Ill.Dec. 877, 461 N.E.2d 500 (1984). The court there found that a lien foreclosure filed after the statutory period was not valid even against those who purchased an interest in the property after the filing of the lien and who therefore had notice of it, because the statutory period "is not merely a statute of limitations but a condition of liability itself and not just a limitation on the remedy." The court held that the potential liability of subsequent purchasers perished inchoate when plaintiffs failed to bring suit within the period allowed after completion of the work.

The same result is mandated here. The time for enforcing mechanics' liens set out in section 38–1–11, *supra,* limits a lienor's rights to twelve months after his work is completed. At that point, both his rights and his remedies under the statute are extinguished.

Because we find that plaintiffs were too late in bringing their lien foreclosure action against Ross, we must also reverse the award of their attorney fees. The successful party shall be entitled to recover a reasonable attorney fees. U.C.A., 1953, § 38–1–18. Ross successfully defended against plaintiffs' action and attorney fees should be awarded to him. However, plaintiffs resist Ross's claim for attorney fees on the ground that it is first raised on appeal. An award of attorney fees is proper to the successful party under section 38–1–18. *Palombi v. D. & C. Builders,* 22 Utah 2d 297, 452 P.2d 325 (1969). Moreover, the record indicates that Ross briefed the trial court to the effect that the prayer of his counterclaim asked for costs incurred and for such further relief as would be proper in the premises. He also argued to the trial court that under section 38–1–18 attorney fees were to be taxed as costs, and his affidavit of attorney fees asked for

---

**3.** It should be noted that Kansas law requires the recorder to cancel the lien after the statutory period.

$2,500 to the date of the summary judgment. We hold that Ross is entitled to attorney fees as stated above. *Petty Investment Co. v. Miller*, Utah, 576 P.2d 883 (1978).

No appeal has been taken from the money judgment plaintiffs obtained against Raintree, and that judgment therefore stands, though it apparently is of little value. The trial court's summary judgment in favor of plaintiffs and against Ross is reversed with instructions to enter judgment in favor of Ross and remove the lien from the land. The case is remanded to the trial court for a hearing on a reasonable amount of attorney fees to Ross, including those incurred in this appeal.

STEWART, J., concurs in the result.