J.V. HATCH CONSTRUCTION, INC.,
Plaintiff and Appellant,

v.

Michael KAMPROS, Defendant
and Appellee.

No. 981200–CA

Court of Appeals of Utah.

Dec. 24, 1998.

---

Michael Crippen, Russell A. Cline, Crippen & Cline, Salt Lake City, for Appellant.

Mark E. Medcalf, David W. Overholt, Richer, Swan & Overholt, Midvale and Randy S. Ludlow, Salt Lake City, for Appellee.

Before DAVIS, P.J., and BENCH and JACKSON, JJ.

## OPINION

DAVIS, Presiding Judge:

Plaintiff J.V. Hatch Construction, Inc. (Hatch) appeals the trial court's judgment denying it attorney fees under section 38–1–7(3) of the Utah Code. *See* Utah Code Ann. § 38–1–7(3) (1997). We reverse.

## FACTS

The trial court's underlying findings of fact are undisputed by the parties. Thus, we recite those facts in accordance with the trial court's findings.

Hatch, a licensed general contractor, and Kampros[1] entered into a contract in which Hatch agreed to undertake a construction remodeling job for Kampros. However, Kampros terminated Hatch just a few months after the contract was executed and Hatch had commenced work on the project. Hatch subsequently filed a mechanics' lien[2]

---

1. The case involved other parties irrelevant to this appeal.

2. The parties do not dispute that Hatch was entitled to the mechanics' lien, nor does Kampros assert that the mechanics' lien is invalid due to the lack of evidence at trial regarding mailing the lien notice. *See* Utah Code Ann. § 38–1–7(3) (1997).

against the property and then filed an action to foreclose on the mechanics' lien.[3]

On the last day of a four day trial, the trial court requested that the parties submit additional briefing on the issue of attorney fees allowed under section 38–1–18 of the Utah Code. *See* Utah Code Ann. § 38–1–18 (1997). After briefing was complete, the trial court entered findings of fact and conclusions of law. Relevant to the issue before us are the following findings and conclusions [4]:

> 5. [Hatch]'s claim for foreclosure of mechanic's lien is granted in the amount of $8500.00, plus costs and attorney's fees to be awarded herein. [Hatch] filed a valid lien on August 31, 1995. The Court finds that [Hatch] failed to show proof of compliance with the mailing requirement of section 38–1–7(3), U.C.A., but [Kampros] did not offer proof that [the] mailing did not occur. The Court finds that compliance with the mailing requirement is not an element of [Hatch]'s claim. Any alleged non-compliance would constitute an affirmative defense, much like the statute of limitations or the statute of frauds.

> 6. The Court finds that [Hatch] met the essential requirements of § 38–1–18, thus creating a prima facie proof of entitlement to attorney's fees. The responding party then had the burden of showing why, in spite of [Hatch]'s apparent entitlement to fees, they should not be awarded in this case. The Court finds the alleged non-compliance with the mailing statute was neither pleaded nor proved by [Kampros] in this case.

> 7. [Hatch]'s failure to introduce evidence of actual fees during his case-in-chief does *not* preclude an award at this stage in the proceedings, but fees must be claimed pursuant to sworn evidence, typically by affidavit, and any claim may be contested by [Kampros]. In the event of such opposition, either party may request either oral argument or an evidentiary hearing.

After the trial court's ruling, Kampros filed a motion for reconsideration of the trial court's award of attorney fees and costs to Hatch under section 38–1–18, arguing that to be entitled to attorney fees, subsection (3) of section 38–1–7 required Hatch to prove at trial on the principal issues that it mailed or delivered the notice of lien. *See* Utah Code Ann. § 38–1–7(3) (1997). Because Hatch did not do so, Kampros argued that it was not entitled to attorney fees.

Hatch responded that proof of a lien claimant's failure to mail or deliver the notice of lien was an affirmative defense and was therefore waived by Kampros because he did not assert it as required by the rules of civil procedure. *See* Utah R. Civ. P. 8(c). Hatch also filed a motion to reopen the case, seeking to present evidence that it mailed the notice.

Based on the motions before it, the trial court was "persuaded that [its] prior ruling was incorrect as a matter of law, [and] that ruling should be corrected as expeditiously as possible." Relying on *AAA Fencing Co. v. Raintree Development and Energy Co.,* 714 P.2d 289 (Utah 1986), the trial court ruled that proof of mailing the notice of lien was not an affirmative defense, but was instead part of Hatch's prima facie case at trial on the principal issues. The trial court determined:

> This Court had previously suggested that foreclosure of the lien and award of attorney's fees was a two-step process. The Court indicated that strict compliance is necessary to establish entitlement to a lien, and that [Hatch] had met that burden. This is still correct. The Court's error was in suggesting that the award of attorney's fees was somehow separate from establishing entitlement to the lien, and that failure to provide notice of the lien (or, at least proof such notice was given) is not an element of [Hatch]'s claim for fees, but rather an affirmative defense.

---

**3.** Hatch also pursued other causes of action against Kampros, and Kampros asserted cross-claims against Hatch. However, the disposition of these claims are irrelevant to the issues before this court, and we therefore do not recite those facts.

**4.** Although identified as conclusions of law, findings of fact are intermixed with the trial court's legal conclusions.

The Court now believes that the same rules apply to the attorney's fee award, as apply to foreclosure of the lien itself. That is, as is well-established, attorney's fees are generally not awardable in Utah unless provided for by either statute or contract. In the case of the mechanic's lien statute, both the availability of the lien process, and the award of fees, are completely creatures of statute, unknown to common law. To avail itself of the benefits conferred by the statute, the plaintiff must comply with all of the statutory requirements, and proof of each requirement is an element of [Hatch]'s case.

. . . .

Based on the foregoing reasoning, the Court grants [Kampros]'s motion to reconsider the award of attorney's fees and specifically rules that [Hatch]'s failure to provide proof of mailing notice of the lien, as required by the statute, bars the Court from granting an award of attorney's fees.

In ruling on Hatch's motion to reopen the case to provide proof of mailing the notice of lien, the trial court ruled:

[A] decision to reopen lies within the sound discretion of the trial court *and* that decision is governed by the bases set forth in Rule 59(a), Utah Rules of Civil Procedure. The Court has considered the rule, and the facts of this case, and simply cannot identify any basis under the rule to permit [Hatch] to offer evidence at this time that was an element of [Hatch]'s claim, and was in [Hatch]'s possession throughout trial.

Thus, the trial court denied Hatch's motion to reopen the case. A subsequent judgment was entered by the trial court reflecting the trial court's ruling. Hatch appeals.

## ISSUES

Hatch raises the following issues on appeal: (1) Kampros's motion for reconsideration was improperly before the trial court because no such motion exists in the rules of civil procedure; (2) the trial court erred in concluding that proof of mailing the notice of lien was part of Hatch's prima facie case for attorney fees and must have been proven during trial on the principal issues; and (3) alternatively, if the trial court did not err in ruling that proof of mailing the notice of lien was part of Hatch's prima facie case for attorney fees, the trial court erred in denying its motion to reopen the case so Hatch could proffer the necessary evidence.

## ANALYSIS

### 1. Propriety of Motion for Reconsideration

We quickly dispose of Hatch's argument that Kampros's motion for reconsideration was inappropriately before the trial court because no such motion exists under the rules of civil procedure. While that much is true, a motion so titled may still be properly heard if it could have been brought under a different rule, i.e. Rules 54(a), 59(a), or 60(b) of the Utah Rules of Civil Procedure, but was improperly characterized. *See Ron Shepherd Ins., Inc. v. Shields*, 882 P.2d 650, 653 n. 4 (Utah 1994). The record in the instant case has been lost. Thus, while the motion seems to fall under Rule 59(a)(7) [5] of the Utah Rules of Civil Procedure, we are unable to determine under which rule the motion appropriately falls. Thus, for purposes of our analysis, we presume Kampros's motion was properly before the trial court. *See Kelson v. Salt Lake County*, 784 P.2d 1152, 1157 (Utah 1989) (stating in absence of complete record, "we must assume the regularity of the proceedings below").

### 2. Proof of Attorney Fees

The essence of Hatch's argument is that the trial court erred when it reversed its decision regarding Hatch's right to attorney fees under section 38–1–18 of the Utah Code. That section provides: "[I]n any action

---

**5.** Rule 59(a)(7) provides, in pertinent part:
(a) . . . [A] new trial may be granted to all or any of the parties and on all or part of the issues, for any of the following causes; provided, however, that on a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment:
. . . .
(7) Error in law.
Utah R. Civ. P. 59(a)(7).

brought to enforce any [mechanics'] lien[,] ... the successful party shall be entitled to recover a reasonable attorneys' fee, to be fixed by the court, which shall be taxed as costs in the action." Utah Code Ann. § 38-1-18 (1997).

Subsection (3) of section 38-1-7 of the Utah Code limits a successful lien claimant's right to attorney fees in a mechanics' lien action. There, it states in relevant part: "Failure to deliver or mail the notice of lien to the reputed owner or record owner precludes the lien claimant from an award of costs and attorneys' fees against the reputed owner or record owner in an action to enforce the lien." Utah Code Ann. § 38-1-7(3) (1997). The trial court first ruled that proof of mailing the notice of lien was not part of Hatch's prima facie case for attorney fees at trial on the principal issues, but was rather an affirmative defense that Kampros waived because he failed to assert it. However, after additional briefing and before entry of a judgment, the trial court reversed itself and ruled that proof of mailing the notice of lien was part of Hatch's prima facie case for attorney fees and was statutorily required to be proven at trial by subsection (3) of section 38-1-7. Because Hatch did not prove at trial that the notice of lien was mailed or delivered, the trial court denied Hatch attorney fees. Thus, we must determine whether Hatch had to prove at trial on the principal issues that it mailed or delivered the notice of lien, or whether it could provide the required proof after trial without waiving its right to attorney fees under section 38-1-18. "The issue presented requires us to interpret [both] section [38-1-7 and] 38-1-18, a matter of law on which we accord no deference to the trial court." *First Gen. Servs. v. Perkins*, 918 P.2d 480, 486 (Utah Ct.App.1996).

While not dispositive of the issue before us, we find instructive *Meadowbrook, LLC v. Flower*, 959 P.2d 115 (Utah 1998).[6] There, Meadowbrook brought an action to evict Flower from a mobile home park owned by Meadowbrook. Under Flower's lease with Meadowbrook and under the Utah Mobile Home Park Residency Act, the successful party to a mobile home eviction suit may be awarded attorney fees. Flower ultimately prevailed at trial and thereupon moved for an award of attorney fees five days after trial, but before the trial court entered a final judgment. Flower did not present any evidence at trial regarding attorney fees. *See id.* at 116. The trial court denied Flower the requested fees, ruling that he waived his right to attorney fees by not presenting evidence at trial on the issue or preserving the issue at trial. *See id.*

On appeal, the supreme court addressed the issue of "whether a prevailing party waives its right to attorney fees if it fails to present evidence of attorney fees or move the court during trial to allow evidence of such fees to be presented after trial." *Id.* at 117. The court held that as long as a party raises the issue of attorney fees during the "'trial phase'" of a case, that party has not waived its right to such an award. *Id.* The court further defined its holding by concluding,

> in the narrow context of determining when a prevailing party waives its right to attorney fees, the "trial phase" ends, not with the rendering of the jury's verdict, but with the signed entry of final judgment or order, at which time trial issues become ripe for appeal and a party may file a timely notice of appeal pursuant to the Utah Rules of Appellate Procedure.

*Id.* (footnote omitted).

The court enumerated "[s]everal policy reasons support[ing] such a rule," two of which are applicable here:

> First, in most instances, requiring all parties to present evidence of attorney fees to a jury before resting their cases would contravene judicial economy. Where a contract *or statute* provides for attorney fees to the prevailing party, a party does not even become entitled to such fees until the jury has determined which party has prevailed in the case. Thus, a would-be losing party who submits evidence of its attorney fees to the jury increases costs to

---

6. Both parties to the case at bar stated at oral argument that they were very familiar with the issues before the court in *Meadowbrook* and how those issues might be applicable, or inapposite, to those before us.

all parties and wastes judicial time and resources.

Second, the determination of reasonable attorney fees is an issue generally left to the sound discretion of the trial court, not the jury. Because the issue of attorney fees is generally ancillary to the underlying action, a trial court's decision regarding the award of such fees normally requires an inquiry separate from the main cause of action to be proved at trial—"an inquiry that cannot even commence until one party has 'prevailed.'"

*Id.* at 117–18 (citations omitted) (emphasis added).

More important to this case is *Meadowbrook*'s repudiation of

any [earlier] implication ... that a prevailing party must litigate the issue of attorney fees before resting its case or waive any claim to such fees where they are to be determined by the trial court. Indeed, attorney fees are routinely established by proffer or affidavit, and by evidentiary hearing when necessary.

*Id.* at 119 (footnotes omitted). *Meadowbrook*'s only requirement is that the prevailing party move for attorney fees "before signed entry of final judgment or order ..., unless otherwise provided by statute," or at the trial court's convenience. *Id.* at 119–20.

▮ While the mailing requirement embodied within section 38-1-7 is certainly a necessary element of proof beyond the right to or reasonableness of attorney fees at issue in *Meadowbrook*, the rationale underlying *Meadowbrook* is equally applicable here. A party in a mechanics' lien foreclosure action is not a prevailing party until *after* a determination on the merits is made by either a jury or a trial court judge. Thus, as in *Meadowbrook*, it would be a waste of judicial resources to require proof of mailing the notice of lien for purposes of entitlement to attorney fees during the trial on the principal issues.[7]

▮ Additionally, the issue of attorney fees in a mechanics' lien suit is typically left for the trial court. *See First Gen. Servs.*, 918 P.2d at 487 (discussing mechanics' lien case and stating: "Normally, an award of attorney fees is a matter left to the trial court's sound discretion." (Citation omitted)). It follows that the proof necessary for an award of attorney fees in a mechanics' lien cause of action need not be introduced until after the court has made its decision and "one party has 'prevailed.'" *See Meadowbrook*, 959 P.2d at 118.

"Of course, 'compliance with the [mechanics' lien] statute is required before a party is entitled to the benefits created by the statute.'" *First Gen. Servs.*, 918 P.2d at 486 (citation omitted). Providing proof of mailing the notice anytime during the trial phase, however, complies with the plain language of both section 38-1-7(3) and section 38-1-18, neither of which distinguishes nor mandates when the proof must be offered. *See* Utah Code Ann. §§ 38-1-7(3), -18 (1997). Thus, as long as the prevailing lien claimant can prove that it did indeed mail or deliver the notice of lien if that issue is disputed, then it will have complied with the mechanics' lien statute and will consequently be entitled to attorney fees.

Additionally, allowing proof of mailing the notice of lien to be addressed anytime during the trial phase without waiving the right to attorney fees also furthers "[t]he purpose of the mechanics' lien act[, which] is to protect laborers and materialmen who have increased the value of the property of another by their materials or labor." *For-Shor Co. v. Early*, 828 P.2d 1080, 1082 (Utah Ct.App. 1992). Furthermore, while it is true that "the act's benefits are available only to those who comply with its requirements," *id.*, "[o]nce the narrow requirements of the mechanics' lien statutes have been met, the general policy of Utah courts is to construe the statutes broadly to protect those who"

---

7. At oral argument, counsel for Kampros stated that proof of mailing the notice of lien was more complex than simply submitting the green card evidencing a certified letter. Evidence must be taken regarding the content of the letter, who signed for it, where it was sent, etc. Thus, counsel's argument lends support to the principle that it would be a waste of judicial economy to require a lien claimant who has not yet prevailed on the merits to present evidence of mailing the notice of lien at trial on the principal issues.

add value to another's property, *First Gen. Servs.*, 918 P.2d at 486.

■ Based on the above, we hold that a prevailing party in a mechanics' lien foreclosure action can establish at any time during the trial phase the proof required to recover an award of attorney fees.[8] In the case of a prevailing lien claimant, that would include proof of mailing or delivering the notice of lien. Accordingly, the trial court erred when it ruled that proof of mailing the notice of lien as a prerequisite to an award of attorney fees to a successful lien claimant must be proven at trial on the principal issues. Premised on this erroneous legal conclusion, the trial court determined there was no "basis ... to permit [Hatch] to offer evidence at this time that was an element of [Hatch]'s claim, and was in [Hatch]'s possession throughout trial." However, "attorney fees are routinely established by proffer or affidavit, and by evidentiary hearing when necessary," *Meadowbrook*, 959 P.2d at 119 (footnote omitted), and may, under the facts before us, be established after trial on the principal issues[9] and on the motion of the prevailing party. Thus, we remand to the trial court for an evidentiary hearing at which Hatch can offer proof of mailing the notice of lien as required by subsection (3) of section 38–1–7.

Our holding does not run afoul of the rule set out in *AAA Fencing Co. v. Raintree Development and Energy Co.*, 714 P.2d 289 (Utah 1986), which the trial court relied upon when it reversed itself on the issue. There, the plaintiff instituted a mechanics' lien foreclosure action but failed to file suit against the defendant within the statutory time limit set out in section 38–1–11 of the mechanics' lien statute. *See id.* at 290; *see also* Utah Code Ann. § 38–1–11 (1997). Both parties filed motions for summary judgment. For the first time in its motion for summary

judgment, the defendant argued that the action was barred because the plaintiff had failed to institute the claim within the time prescribed by section 38–1–11. *See AAA Fencing*, 714 P.2d at 290. The plaintiff rebutted defendant's contention by arguing that the defendant waived its right to the statutory bar because it was not asserted as an affirmative defense. The trial court ultimately granted the plaintiff's motion and granted summary judgment in its favor. *See id.*

On appeal, the supreme court reversed the trial court, holding that a party's failure to file a cause of action to enforce a mechanics' lien within the specified time leaves the trial court without jurisdiction to hear the case. *See id.* at 292. The court reasoned that "[a]lthough liens and pleadings arising under the statute will be liberally construed to effect the desired object, compliance with the statute is required before a party is entitled to the benefits created by the statute." *Id.* at 291. Thus, by not filing within the statutory time frame under section 38–1–11, the plaintiff's rights and remedies were extinguished. *See id.* at 292.

Apparently extending the breadth of *AAA Fencing*, the trial court in the instant case determined that proof of mailing the notice of lien was part of Hatch's burden at trial for Hatch to be entitled to attorney fees. In *AAA Fencing*, however, the party enforcing the mechanics' lien was required to file the action within the time frame set forth in section 38–1–11, or no jurisdiction would lie with the trial court. *See* Utah Code Ann. § 38–1–11(1) (1997). This has nothing to do with whether a successful lien claimant may or may not be entitled to attorney fees. Here, to comply with section 38–1–7(3) and therefore be entitled to the benefit of recovering attorney fees under section 38–1–18, a lien claimant must first prevail on the me-

---

**8.** Our holding should not be interpreted to mean that parties in an action to foreclose on a mechanics' lien should not be prepared to address the issue of attorney fees at the trial court's request, whether it be during trial or post-trial. *See Meadowbrook*, 959 P.2d at 119 ("We emphasize, however, that a prevailing party must be prepared to address the issue of attorney fees at the court's convenience.").

**9.** Interestingly, the trial court here was initially so inclined, which is evidenced by its first determination that "fees must be claimed pursuant to sworn evidence, typically by affidavit, and any claim may be contested by [Kampros]. In the event of such opposition, either party may request either oral argument or an evidentiary hearing."

chanics' lien cause of action and then prove that it mailed the notice of lien if put in issue by the defendant. This disposition is not contrary to the holding in *AAA Fencing*.

Our analysis does not end with determining when proof of mailing the notice of lien must be proven by the lien claimant. We must still determine whether this proof is part of a lien claimant's prima facie evidence for attorney fees or whether it is incumbent upon the defendant to bring to the trial court's attention the lien claimant's "[f]ailure to deliver or mail the notice of lien" to the property owner to avoid paying the awarded attorney fees. *See* Utah Code Ann. § 38–1–7(3) (1997).

Our supreme court has defined "prima facie evidence" as follows: " 'Such evidence as, in the judgment of the law is sufficient to establish a given fact, or the group or chain of facts constituting the party's claim or depose, and which if not rebutted or contradicted, will remain sufficient.' " *State v. Asay*, 631 P.2d 861, 864 (Utah 1981) (citation omitted).

 Section 38–1–18 entitles the successful party to an award of reasonable attorney fees. *See* Utah Code Ann. § 38–1–18 (1997). Thus, a lien claimant's prima facie evidence establishing its right to attorney fees is met by showing that it is the prevailing party in the mechanics' lien cause of action. While the defendant may concede that the lien claimant was the successful party at trial on the merits and thus initially had a valid claim for attorney fees, it may still avoid any liability for attorney fees by asserting that the lien claimant failed to mail or deliver the notice of lien as required by subsection (3) of section 38–1–7. Accordingly, a lien claimant's failure to mail or deliver the notice of lien to the property owner is a matter outside the scope of the lien claimant's prima facie evidence for attorney fees, and must be raised and brought to the trial court's attention by the defendant. We therefore hold that proof of mailing the notice of lien is not part of the evidentiary burden to be met in support of a successful lien claimant's claim for an award of attorney fees. Rather, once the claim is supported by proof, the burden of going forward shifts to

the defendant to show a lien claimant's failure to mail or deliver the notice of lien to preclude the claim for attorney fees.

The language in section 38–1–7(3) supports our conclusion. It reads: "Failure to deliver or mail the notice of lien to the reputed owner or record owner precludes the lien claimant from an award of costs and attorneys' fees against the reputed owner or record owner in an action to enforce the lien." Utah Code Ann. § 38–1–7(3) (1997). This language does not require a successful lien claimant to prove that it did not fail to mail the notice of lien before it may be awarded attorney fees under section 38–1–18, but provides that if failure to mail the notice is established, the lien claimant is precluded from an award of attorney fees. This language suggests that the evidentiary burden is then on the defendant to raise the issue that the mailing or delivery did not take place.

### CONCLUSION

For the purpose of recovering attorney fees, we hold that if the lien claimant is the prevailing party in an action to foreclose on a mechanics' lien, the claimant can establish at any time during the trial phase that it mailed the notice of lien as required by section 38–1–7(3) of the Utah Code. The trial court therefore incorrectly ruled that because Hatch failed to prove at trial on the principal issues that it mailed the notice of lien, it waived its right to attorney fees under section 38–1–18. Thus, the trial court erroneously granted Kampros's motion for reconsideration.

We hold further that proof of delivery or mailing the notice of lien is not part of a successful lien claimant's prima facie evidence in proving attorney fees under section 38–1–18, but some evidence of failure to mail or deliver the notice of lien must be offered by the defendant to preclude an award of attorney fees.

Both parties have requested attorney fees incurred on appeal. "An appeal from a suit

brought to enforce a [mechanics'] lien qualifies as part of 'an action' for the purposes of [section 38–1–18]." *Richards v. Security Pac. Nat'l Bank,* 849 P.2d 606, 612 (Utah Ct.App.), *cert. denied,* 859 P.2d 585 (Utah 1993). Because Hatch is the prevailing party on appeal, it is entitled to its attorney fees incurred on appeal. *See id.* Kampros's request for attorney fees on appeal is denied.

Reversed and remanded for further proceedings consistent with this opinion.[10]

BENCH, J., and JACKSON, J., concur.

---

10. Based on our disposition, we do not address the issue of whether the trial court erred by denying Hatch's motion to reopen the case.