2008 UT App 113

**FOOTHILL PARK, LC, Plaintiff and Appellee,**

v.

**JUDSTON, INC., a Utah corporation, Defendant, Third-party Plaintiff, and Appellant,**

v.

**North Star Companies, Inc., Third-party Defendant.**

No. 20070353–CA.

Court of Appeals of Utah.

April 3, 2008.

---

Dane L. Hines, Provo, for Appellant.

Stephen Stoker, Salt Lake City; and Genevieve G. Gribble, North Salt Lake, for Appellee.

Before Judges BENCH, BILLINGS, and McHUGH.

## OPINION

McHUGH, Judge:

¶1 Judston, Inc. (Judston) challenges the trial court's ruling that Judston's mechanics' lien was invalid and subject to the provisions of the wrongful lien statute. We affirm the trial court's ruling on the validity of the mechanics' lien but reverse the award under the wrongful lien statute.

## BACKGROUND

¶2 The facts in this case are uncontested. In October of 2003, Judston contracted to and began performing certain land-development services on property owned by Foothill Park, LC (Foothill). Judston stopped working on Foothill's property in August of 2004 and filed notice to hold and claim a lien on Foothill's property (first notice).[1] *See* Utah Code Ann. § 38-1-7(1)(a) (Supp.2007)[2] ("[A] person claiming benefits under this chapter shall file ... a written notice to hold and claim a lien...."). Judston filed an amended notice on January 11, 2005 (second notice).[3] No further action was taken until July 14, 2006, when Judston filed a third notice in the amount of $98,017.91. The parties agree that this third notice was filed before final completion of the original contract but after the time to foreclose on the second notice had expired. *See id.*

¶3 Foothill challenged Judston's third notice by filing a Complaint of Wrongful Lien on October 4, 2006. Judston answered and filed a counterclaim seeking to enforce its lien right. Judston's counterclaim was dismissed and the trial court held an expedited hearing on Foothill's wrongful lien claim. *See id.* § 38-9-7(3)(b) (2005) ("[T]he court shall schedule a hearing within ten days to determine whether the document is a wrongful lien."). After the hearing, the trial court found Judston's lien had expired because it was not enforced within 180 days of the first notice. *See id.* § 38-1-11(1) (Supp.2007) ("A lien claimant shall file an action to enforce the lien ... within 180 days from the day on which the lien claimant filed a notice of claim under Section 38-1-7."). Accordingly, the trial court found Judston had filed a wrongful lien and ordered it to pay statutory damages in the amount of $1000, together with $4710 in attorney fees and $500 in costs. Judston appeals.

## ISSUES AND STANDARD OF REVIEW

¶4 Judston presents two issues on appeal: First, whether Judston retained a lien right under the mechanics' lien statute when it failed to enforce its lien right within 180 days of filing its first notice, instead filing a subsequent notice which was otherwise timely; and second, whether the provisions of the wrongful lien statute are applicable to mechanics' liens.[4] "Inasmuch as the issues before us are limited to questions of law, namely, questions of statutory interpretation, no deference need be given the trial court's conclusions. We therefore review the trial court's statutory interpretations for correctness." *John Wagner Assocs. v. Hercules, Inc.,* 797 P.2d 1123, 1126 (Utah Ct.App. 1990) (citation omitted).

## ANALYSIS

### I. Judston's Lien Rights

¶5 Judston argues the trial court erred when it ruled that Judston's failure to

---

1. Foothill's statement of the facts indicates the first notice was filed September 27, 2004, while the trial court's findings of fact state that it was filed on September 24, 2004. This three-day discrepancy is not further elaborated on by either party and is irrelevant to this appeal. Accordingly, we defer to the trial court's findings of fact.

2. The parties cite to the current code and do not argue that there have been any changes in the mechanics' lien statute which are determinative of this appeal. Accordingly, we also cite to the current code unless otherwise noted.

3. The issue of whether the Amended Notice of Lien related back to the first notice or actually constituted a second, distinct notice is not before us and therefore we do not address it. We simply refer to this notice as the "second notice" for ease of reference.

4. At oral argument Foothill also asserted that because the mechanics' lien statute stated that "a person claiming benefits under this chapter shall file ... a written notice to hold and claim a lien *within 90 days from the date of final completion,*" all three notices were premature. Utah Code Ann. § 38-1-7(1)(a) (2005) (amended 2007) (emphasis added). Because this argument was raised for the first time at oral argument on appeal, we do not consider it. *See, e.g., State v. Marble,* 2007 UT App 82, ¶19, 157 P.3d 371.

enforce its lien[5] within 180 days of filing its first notice rendered the third notice invalid. This is an issue of first impression in Utah. Because we determine the trial court properly found Judston's lien was void, we lack subject matter jurisdiction under Utah Code section 38–1–11(4)(b) and accordingly dismiss Judston's appeal on this issue. *See* Utah Code Ann. § 38–1–11(4)(b) (Supp.2007) ("[A] court has no subject matter jurisdiction to adjudicate a lien that becomes void....").

¶ 6 Utah Code section 38–1–3 declares that "all persons performing any services ... in the construction, alteration, or improvement of any building or structure or improvement to any premises ... shall have a lien upon the property ... for the value of the service rendered." *Id.* § 38–1–3 (2005). However, among other requirements, a party must enforce that inchoate lien right in compliance with the terms of the mechanics' lien statute. *See id.* § 38–1–11; *AAA Fencing Co. v. Raintree Dev. & Energy Co.,* 714 P.2d 289, 291 (Utah 1986) (per curiam) ("[C]ompliance with the statute is required before a party is entitled to the benefits created by the statute."). If a party does not comply with the statutory deadline for enforcement, the lien right "perishe[s] inchoate," and all of a party's "rights and ... remedies under the [mechanics' lien] statute are extinguished." *AAA Fencing Co.,* 714 P.2d at 292; *see also* Utah Code Ann. § 38–1–11(4)(a); *Projects Unlimited, Inc. v. Copper State Thrift & Loan Co.,* 798 P.2d 738, 751 n. 13 (Utah 1990) ("The penalty for not commencing an action to enforce a mechanic's lien within the period provided in section 38–1–11 is invalidation of the lien...."); *Pearson v. Lamb,* 2005 UT App 383, ¶ 13, 121 P.3d 717 ("[A] party's failure to timely file a mechanics' lien foreclosure action ... is fatal and cannot be remedied...."); *Knight v. Post,* 748 P.2d 1097, 1100 (Utah Ct.App.1988) ("Knight failed to bring an action enforcing the lien within the statutory period.... An untimely action under this section is jurisdictional and fore-

closes the parties' rights."). Moreover, once the lien right is extinguished, "a court has no subject matter jurisdiction to adjudicate [that] lien." Utah Code Ann. § 38–1–11(4)(b); *accord AAA Fencing Co.,* 714 P.2d at 291–92; *Knight,* 748 P.2d at 1100.[6]

¶ 7 In this case, Foothill argues Judston did not enforce its lien right within the time provided by Utah Code section 38–1–11. We agree.

¶ 8 In relevant part, Utah Code section 38–1–11 provides: "A lien claimant shall file an action to enforce the lien filed under this chapter *within 180 days from* the day on which the lien claimant filed *a notice of claim* ...." Utah Code Ann. § 38–1–11(2) (emphasis added). Here, Judston filed its first notice on September 24, 2004, but did not take any action to enforce its mechanics' lien until October of 2006. Judston concedes that an action to enforce its lien was not filed within 180 days of its first notice of claim, and therefore its lien would normally be declared "automatically and immediately void." *See, e.g., id.* § 38–1–11(4)(a); *AAA Fencing Co.,* 714 P.2d at 292. Judston argues for a different result in this case, however, because it sought to enforce its lien right within 180 days of filing its *third* notice. The problem with Judston's argument is that by the time the third notice was filed in 2006, Judston's lien right had already extinguished, and the court was divested of jurisdiction.

¶ 9 When Judston performed work in October of 2003, the inchoate lien right provided by section 38–1–3 was created. *See* Utah Code Ann. § 38–1–3 (2005). However, Judston was required to perfect and enforce that right in accordance with the mechanics' lien statute. Among other requirements, Judston had to (1) "file written notice to hold and claim a lien" within 180 days of completion of the original contract, *id.* § 38–1–7(1)(a)(i) (Supp.2007), *and* (2) "file an action to enforce [its] lien ... within 180 days from the day on which the lien claimant filed a notice of claim

---

5. A lien is defined "as a legal charge collectible out of specific property for the payment of a debt." *Citizens Bank v. Elks Bldg., NV,* 663 P.2d 56, 59 (Utah 1983). "In other words, a lien gives the lienholder a right to collect his debt out of the charged property...." *Id.*

6. Although prior Utah decisions are helpful in analyzing this issue, we acknowledge that none of them addressed the precise issue raised by this case—whether an otherwise timely subsequent notice is invalid due to a failure to enforce a prior notice for the same work.

under Section 38–1–7," *id.* § 38–1–11(2). Failure to comply with either of these requirements would result in the extinguishing of Judston's lien rights. *See, e.g., id.* § 38–1–11(4)(a); *AAA Fencing Co.,* 714 P.2d at 291 ("[C]ompliance with the statute is required before a party is entitled to the benefits created by the statute."); *Morrison v. Carey–Lombard Co.,* 9 Utah 70, 33 P. 238, 241 (1893) ("After the work is completed or the materials are furnished the lien may be lost by a failure to file the statement ... or by a failure to foreclose within the time as limited in this act. . . .").

¶ 10 Judston fulfilled the first of these two requirements when it filed its first notice on September 24, 2004. However, the second requirement was left unsatisfied because Judston did not file an action to enforce its lien within 180 days of that notice. *See* Utah Code Ann. § 38–1–11(2) (Supp.2007) (requiring enforcement within 180 days of notice). Thus, even assuming the second notice extended the time to enforce Judston's claim, 181 days after that notice was filed—sometime in July of 2005—Judston's inchoate lien right perished, and Judston was left without any right or remedy under the mechanics' lien statute. *See id.* § 38–1–11(4)(a); *AAA Fencing Co.,* 714 P.2d at 292; *Knight v. Post,* 748 P.2d 1097, 1100 (Utah Ct.App.1988); *cf. Morrison,* 33 P. at 239 ("It is evident that the filing of the statement does not create the lien ... but simply holds it or keeps it in force for the time [provided] ... so as to give the claimant an opportunity to enforce the same by process of law."); *Mullen Lumber Co. v. Lore,* 404 Mass. 750, 537 N.E.2d 123,

127 (1989) ("There can be but one lien ... and the filing of a second statement of account concerning the same materials neither extends the statutory period nor revives the lien. . . .").[7] Moreover, the trial court was divested of "jurisdiction to adjudicate [Judston's] lien" once it became void in July of 2005. *See* Utah Code Ann. § 38–1–11(4)(b); *AAA Fencing Co.,* 714 P.2d at 291–92; *Knight,* 748 P.2d at 1100.

¶ 11 For these reasons, Judston's third notice was ineffective and did not resurrect Judston's extinguished lien right[8] or extend the statutory deadline for enforcement. Indeed, Judston's third notice did nothing more than seek to perfect a lien right which had been void for over one year and which the court had no jurisdiction to adjudicate.

¶ 12 We understand Judston's argument for a contrary result. Under subsection 38–1–11(4)(a): "*A lien filed under this chapter* is automatically and immediately void if an action to enforce the lien is not filed within the time required by this section." Utah Code Ann. § 38–1–11(4)(a) (emphasis added). The statute is somewhat confusing because a "lien" is not technically "filed" under the mechanics' lien statute. Instead, the "written notice" is "file[d] for record with the county recorder." *Id.* § 38–1–7(1)(a). Thus, Judston's argument is that the legislature only intended the notice of claim to be rendered void under section 38–1–11(4)(a). We disagree.

¶ 13 "We read the plain language of the statute as a whole. . . ." *Miller v. Weaver,* 2003 UT 12, ¶ 17, 66 P.3d 592. Here, section

---

7. There are cases from other jurisdictions that have reached the opposite conclusion with little helpful explanation. *See, e.g., Solit v. Tokai Bank, Ltd.,* 68 Cal.App.4th 1435, 81 Cal.Rptr.2d 243, 250–51 (1999); *Sikkema v. Packard,* 79 N.J.Super. 599, 192 A.2d 334, 336 (Bergen County Ct.1963); *Madison Lexington Venture v. Thomas Crimmins Contracting Co.,* 159 A.D.2d 256, 552 N.Y.S.2d 251, 252 (N.Y.App.Div.1990); *Graybar Elec. Co. v. Providence Journal Co.,* 92 R.I. 120, 166 A.2d 885, 886 (1961). *But see Mullen Lumber Co. v. Lore,* 404 Mass. 750, 537 N.E.2d 123, 127 (1989) (holding that otherwise timely notice was void due to failure to enforce prior notice). None of these cases, however, involved a statute with an express jurisdiction-stripping provision as found in Utah's mechanics' lien statute. *See* Utah Code Ann. § 38–1–

11(4)(b) (Supp.2007). We interpret this provision as indicative of a strong legislative intent to bar future lien claims for the same work.

8. As recognized by the Supreme Judicial Court of Massachusetts, "to reach a contrary result ... would afford the [laborer] a period greater than [the statutory time limit] in which to commence an enforcement action." *Mullen Lumber Co.,* 537 N.E.2d at 127. Indeed, in this case, it would extend the period by more than two years. By making failure to enforce a notice of lien jurisdictional, the Utah Legislature limited the time that title to property would be clouded, despite allowing notice of liens to be filed within 90 days of final completion.

38–1–11 earlier differentiates between liens and notices. *See* Utah Code Ann. § 38–1–11(2) ("A lien claimant shall file an action to enforce *the lien* filed under this chapter within 180 days from the day on which the lien claimant filed *a notice of claim* under Section 38–1–7." (emphasis added)). Thus, we assume that if the legislature intended subsection (4)(a) merely to invalidate the notice of claim, it would have simply said so. Likewise, under subsection (4)(b) "a court has no subject matter jurisdiction to adjudicate *a lien* that becomes void under *Subsection (4)(a)*." *Id.* § 38–1–11(4)(b) (emphasis added). This language reaffirms that it is the *lien* and not merely the notice that subsection (4)(a) renders void. Moreover, subsection (4) as a whole seems to codify the prior judicial opinions that were more precise on the effects of failure to enforce a lien within the time provided. *See, e.g., Projects Unlimited, Inc. v. Copper State Thrift & Loan Co.*, 798 P.2d 738, 751 n. 13 (Utah 1990) ("The penalty for not commencing an action to enforce a mechanic's lien within the ... period provided in section 38–1–11 is invalidation of the lien...."); *AAA Fencing Co. v. Raintree Dev. & Energy Co.*, 714 P.2d 289, 292 (Utah 1986) (per curiam) (holding a party's "rights and ... remedies under the statute are extinguished" when it does not enforce its lien within the statutory time frame); *Pearson v. Lamb*, 2005 UT App 383, ¶ 13, 121 P.3d 717 ("[A] party's failure to timely file a mechanics' lien foreclosure action ... is fatal and cannot be remedied...."); *Knight*, 748 P.2d at 1100 ("An untimely action under [section 38–1–11] is jurisdictional and forecloses the parties' rights.").

¶ 14 We also acknowledge Judston's argument that section 38–1–11(4)(a) may frustrate negotiations between laborers and landowners by limiting the time to negotiate and settle their disputes. However, the same argument could be made with respect to the 90–day time limitation contained in section 38–1–7(1)(a)(i)(B) or the 180–day time limitation contained in section 38–1–11(2). We assume that the legislature has thoughtfully weighed all of the competing policies when it enacts or modifies statutory provisions, including the dual purposes of the mechanics' lien statute. Judston is correct that one "'purpose of the mechanic's lien act is remedial in nature and seeks to provide protection to laborers and materialmen who have added directly to the value of the property of another by their materials or labor.'" *Projects Unlimited, Inc.*, 798 P.2d at 743 (quoting *Calder Bros. Co. v. Anderson*, 652 P.2d 922, 924 (Utah 1982)). However, Judston ignores that "liens create 'an encumbrance on property that deprives the owner of his ability to convey clear title and impairs his credit,'" and that "[s]tate legislatures and courts attempt to balance these [two] competing interests." *Id.* (quoting *First Sec. Mortgage Co. v. Hansen*, 631 P.2d 919, 922 (Utah 1981)).

¶ 15 Furthermore, even under our application of section 38–1–11(4), the laborers and materialmen suffer only minimal prejudice; those parties still have approximately six months after filing a notice of claim to enforce their lien rights. *See* Utah Code Ann. § 38–1–11(2) (Supp.2007). On the other hand, section 38–1–11 benefits the landowner significantly by "strictly limiting the time during which property is encumbered[,] render[ing] titles to real property and to interests and estates therein more safe, secure, and marketable."[9] *AAA Fencing Co.*, 714 P.2d at 292. Thus, even considering the relevant policies as Judston suggests, we see nothing that demonstrates our application of section 38–1–11(4) is incorrect.[10]

¶ 16 Finally, we emphasize that our decision does not leave Judston remediless. Judston can still "maintain a personal action to recover the debt," Utah Code Ann. § 38–1–

---

**9.** Indeed, the sponsor of the language now contained in section 38–1–11(4) indicated during the legislative floor debates that it was intended to protect landowners. *See* Recording of Utah House Floor Debates, 2006 Gen. Sess. (Day 32) (statement of Rep. Romero), http://www.le.state.ut.us/jsp/jdisplay/billaudio.jsp?sess=2006GS & bill=hb0160s01 ("[I]t basically eliminates the landowner's obligation to bring suit and ...

clear title. I think this will help basically with title and title ownership....").

**10.** We trust that in the event we have reached a result contrary to the statutory intent, the legislature will clarify the effect of section 38–1–11(4)(b).

11(5), for example by suing for breach of contract or unjust enrichment. Moreover, had Judston performed additional work for Foothill which was not included in a previous notice of claim, our decision would not deprive Judston of a lien right for that additional work. *See id.* § 38–1–3 (2005). Our holding is limited to the facts of this case, where the subsequent notice of claim is for the exact same work as the prior, voided lien.

¶ 17 Because Judston's lien right became void when it was not enforced within 180 days of the first notice, we lack jurisdiction to further adjudicate the liens pursuant to section 38–1–11(4)(b). Accordingly, we dismiss Judston's appeal on this issue.

## II. Scope of the Wrongful Lien Statute

¶ 18 Judston argues the trial court erred when it determined Judston's third notice was subject to the provisions of the wrongful lien statute, *see id.* § 38–9–1 to –7 (2005 & Supp.2007), because mechanics' liens are outside of the scope of that statute. We agree that the wrongful lien statute is inapplicable under the unique facts of this case.

¶ 19 The wrongful lien statute declares: "This chapter does not apply to a person *entitled to a lien* under Section 38–1–3 who files a lien pursuant to Title 38, Chapter 1, Mechanics' Liens." *Id.* § 38–9–2(3) (2005) (emphasis added). Thus, the statute is not so broad as to exempt any filing that purports to arise under the mechanics' lien statute. Instead, section 38–9–2(3) only excludes persons "entitled" to a mechanics' lien. *See id.*

¶ 20 In this case, whether or not Judston was "entitled to a lien" is determined at the time Judston filed its disputed third notice of interest—July 14, 2006. *See id.* § 38–9–1(6) (defining wrongful lien as "any document that purports to create a lien or encumbrance" and is not authorized by law "*at the time it is recorded or filed*" (emphasis added)); *Eldridge v. Farnsworth,* 2007 UT App 243, ¶ 50, 166 P.3d 639 ("Section 38–9–1 requires a court to determine whether a lien is

wrongful by evaluating it 'at the time it is recorded or filed.' " (quoting Utah Code Ann. § 38–9–1 (2005))), *cert. denied,* No. 20070766, 2007 Utah Lexis 229 (Nov. 29, 2007). Although our ruling today answers whether or not Judston was "entitled to a lien" in July of 2006, our ruling is one of first impression. Thus, whether or not Judston was entitled to file its third notice was uncertain at the time it was recorded. Given the unresolved nature of Judston's entitlement *at the time of filing,* we hold the wrongful lien statute is inapplicable to this case.[11] Accordingly, we reverse the trial court's award of statutory damages and attorney fees under the wrongful lien statute. *See* Utah Code Ann. § 38–9–4 (Supp.2007).

¶ 21 Nevertheless, Foothill has sought and is entitled to attorney fees under Utah Code section 38–1–18 for successfully defending Judston's action to enforce its third notice. *See id.* § 38–1–18(1) (2005) ("[I]n any action brought to enforce any lien ... the successful party shall be entitled to recover a reasonable attorneys' fee...."). Accordingly, we remand for a determination of the amount of attorney fees Foothill incurred in opposing Judston's mechanics' lien enforcement action.[12] This amount is limited to Foothill's defense of that enforcement action and therefore should not include the fees Foothill incurred in support of its independent claim for a wrongful lien.

## CONCLUSION

¶ 22 We affirm the trial court's ruling on the validity of Judston's mechanics' lien but reverse the award under the wrongful lien statute. Further, we remand for a determination of the amount of attorney fees Foothill incurred in defending against Judston's enforcement action.

WE CONCUR: RUSSELL W. BENCH and JUDITH M. BILLINGS, Judges.

---

11. With this decision, however, any uncertainty about whether a laborer in Judston's position is entitled to file a mechanics' lien has been eliminated.

12. Because Judston did not appeal the dismissal of its mechanics' lien enforcement action, Foothill is not entitled to any fees incurred on appeal.