This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 30,144**

**ROBERT RAY WOLF,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Mike Murphy, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant appeals his convictions for six counts of criminal sexual penetration (CSP) of a child under thirteen. [RP Vol.II/473] The notice proposed to affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by

Defendant's arguments and therefore affirm. *See State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 1]

**Issue (1).** Defendant continues to argue that his speedy trial rights were violated. [MIO 3] In support of his argument, Defendant notes that he was indicted on these charges on March 22, 2002 [MIO 3]; convicted in 2004 [MIO 1]; that this Court reversed his convictions in 2007 and remanded for a new trial [MIO 1]; and that his new trial did not take place until March 2009. [MIO 3] Defendant argues that "the extraordinary delay in this case violated his constitutional right to a speedy trial." [MIO 3]

An issue concerning a possible violation of the right to a speedy trial must be raised in the trial court and a ruling invoked on the issue or it will not be considered on appeal. *See State v. Rojo*, 1999-NMSC-001, ¶¶ 49-53, 126 N.M. 438, 971 P.2d 829. As acknowledged in the memorandum in opposition, defense counsel never filed a motion to dismiss based on speedy trial grounds. [MIO 4] Although Defendant filed some pro se motions demanding a speedy trial [RP Vol.II/311-12, 316-17], defense counsel subsequently requested continuances in order to prepare for trial and Defendant agreed that the continuances were in his best interests. [RP Vol.II/328-29, 338-39] Moreover, the district court did not rule on any speedy trial issue. Because

Defendant failed to invoke a ruling below, we are not in a position to evaluate the four factors from *Barker v. Wingo*, 407 U.S. 514, 530 (1972). "Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the [trial] court's judgment." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 19, 121 N.M. 562, 915 P.2d 318. Moreover, because defense counsel requested continuances in order to prepare for trial, we are not persuaded that anything "in the record suggests such a striking violation of the constitutional right to a speedy trial that it would be appropriate to consider that issue for the first time on appeal" as fundamental error. *See State v. Rojo*, 1999-NMSC-001, ¶ 53 (internal quotation marks and citation omitted).

Recognizing that the speedy trial issue was not adequately argued and preserved below [MIO 4], Defendant argues that he was denied effective assistance of counsel based on counsel's failure to raise the speedy trial claim. [MIO 4-5] We treat this argument as a motion to amend the docketing statement to add a claim of ineffective assistance of counsel. To prove ineffective assistance of counsel, the defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that the defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. In the present case, we recognize that twenty-one months elapsed between the mandate and second

trial. [MIO 8] However, as noted the record indicates that part of the delay was to allow defense counsel additional time to prepare for trial. [RP Vol.II/328-29, 338-39] Given this, trial counsel may have concluded that the record does not support a speedy trial claim, and instead made the strategic decision to utilize the continuances for additional time to prepare Defendant's case on the merits. *See Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 (stating that "[o]n appeal, we will not second guess the trial strategy and tactics of the defense counsel." (internal quotation marks and citation omitted)). Because the record does not support a speedy trial claim, we can not conclude that counsel's representation fell below the standard of a reasonably competent defense attorney. *See State v. Stenz*, 109 N.M. 536, 538, 787 P.2d 455, 457 (Ct. App. 1990) (counsel is not ineffective for failing to make a motion that is not supported by the record); *see also State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (expressing a preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case). We accordingly deny Defendant's request to amend his docketing statement to add this issue. *See State v. Ibarra*, 116 N.M. 486, 490, 864 P.2d 302, 306 (Ct. App. 1993) (denying the motion to amend the docketing statement on the basis that the issue sought to be added is not viable).

**Issue (2).** Defendant continues to argue that there was insufficient evidence to show that he committed CSP on a child under thirteen. [MIO 10] We review the evidence to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). Under this standard, "[w]e view the evidence in the light most favorable to supporting the verdict and resolve all conflicts and indulge all inferences in favor of upholding the verdict." *State v. Hernandez*, 115 N.M. 6, 26, 846 P.2d 312, 332 (1993). We do not re-weigh the evidence, nor substitute our judgment for that of the fact finder, so long as there is sufficient evidence to support the verdict. *Sutphin*, 107 N.M. at 131, 753 P.2d at 1319.

The facts provide that Victim's testimony [MIO 2] supports the jury's findings that Defendant on two occasions caused Victim to engage in anal intercourse [RP Vol.II/414-15], on two occasions caused Victim to engage in cunnilingus [RP Vol.II/416-17], and on two occasions caused Victim to engage in fellatio. [RP Vol.II/418-19] We hold that Victim's testimony is sufficient to support Defendant's convictions. *See State v. Sparks*, 102 N.M. 317, 320, 694 P.2d 1382, 1385 (Ct. App. 1985) (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction). Although Defendant's

5

convictions were based solely on Victim's uncorroborated testimony [MIO 11], it was within the jury's prerogative as fact finder to rely on Victim's testimony. *See State v. Nichols*, 2006-NMCA-017, ¶ 10, 139 N.M. 72, 128 P.3d 500 (holding that a victim's uncorroborated testimony is sufficient to support convictions for sexual offenses); *see also Sutphin*, 107 N.M. at 131, 753 P.2d at 1319 (holding that the fact finder may reject defendant's version of events); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay).

**CONCLUSION**

Based on the foregoing discussion, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

6

_____

**TIMOTHY L. GARCIA, Judge**