This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                          No. 31,510

**ROBERT SANCHEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals his convictions for criminal damage to property of a household member and related crimes. We issued a calendar notice proposing to affirm. Defendant has responded with a timely memorandum in opposition. We affirm.

Initially, we note that Defendant has re-numbered the issues raised. For purposes of consistency, we will address the issues as designated in the docketing statement and our calendar notice.

**Issue A:** Defendant contends that the district court erred in denying his motion for a mistrial. [MIO 6] We review the district court's ruling for an abuse of discretion. *See State v. Gonzales,* 2000-NMSC-028, ¶ 35, 129 N.M. 556, 11 P.3d 131. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

Here, among other charges, Defendant was charged with possession of marijuana. [RP 3] At trial, Defendant challenged the foundation to admit testimony concerning the nature of a green leafy substance recovered from Defendant's van. [MIO 2-3] The district court sustained Defendant's objection, but instead of a

mistrial, the district court excluded the alleged marijuana and instructed the jury not to consider any evidence concerning marijuana. [MIO 3]

As we observed in our calendar notice, "'[t]he overwhelming New Mexico case law states that the prompt sustaining of the objection and an admonition to disregard the answer cures any prejudicial effect of inadmissible testimony.'" *Gonzales*, 2000-NMSC-028, ¶ 37 (*quoting State v. Simonson,* 100 N.M. 297, 301, 669 P.2d 1092, 1096 (1983). We also note that the evidence to support the charges in this case was strong. [DS 2-3] *See State v. Trujillo*, 2002-NMSC-005, ¶ 45, 131 N.M. 709, 42 P.3d 814 ("Although the statement may have had some prejudicial effect, Defendant has not demonstrated that had this statement not come in, the result of the proceeding would have been different."). Accordingly, we conclude that the district court did not abuse its discretion in denying the motion for mistrial.

**Issue B:** Defendant continues to challenge the sufficiency of the evidence to support his conviction for criminal damage to property of a household member. [MIO 3] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118

3

N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citations omitted).

Here, the relevant portion of the jury instruction stated that in order to convict Defendant of this crime, the evidence had to show that Defendant "intentionally damaged a fence, real, personal, community or jointly owned property of [Victim]." [RP 76] Defendant's specific claim is that the State failed to show that Victim actually owned the property. [MIO 3-4] The evidence indicated that Defendant went to Victim's home, that she closed a metal link gate to prevent Defendant from entering the driveway, and that he crashed his van through the fence. [MIO 1; DS 2] Defendant argues that there was no evidence that Victim actually owned the home. [MIO 3-4] However, the State put on two witnesses who each stated that they were "at her house" when the incident occurred. [MIO 3-4] We believe that this reference to Victim's "house" permitted the jury to reasonably infer that Victim was in fact the owner of the property. *See State v. Barber*, 2004-NMSC-019, ¶ 33, 135 N.M. 621, 92 P.3d 633 (stating that we indulge all reasonable inferences from the evidence whether of a circumstantial or direct nature to support the verdict).

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

4

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**J. MILES HANISEE, Judge**