This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                                          NO. 33,794

RONNY T. GARCIA,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
William C. Birdsall, District Judge

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}     Appellant Ronny T. Garcia (Defendant) appeals from his conviction for trafficking of methamphetamine. This Court's first calendar notice proposed to affirm

Defendant's conviction. Defendant filed a memorandum in opposition to the proposed disposition. We are not persuaded by Defendant's arguments and affirm the judgment and sentence.

{2} Defendant continues to argue there was insufficient evidence that he transferred methamphetamine to another. Defendant disputes the evidence to support the statutory element of transferring methamphetamine under NMSA 1978, § 30-31-20 (2006). This Court's first calendar notice proposed to affirm on the basis that the confidential informant's (CI) testimony, as asserted in the docketing statement, that Defendant handed the CI methamphetamine and that the CI paid Defendant money for it, was sufficient evidence. [CN 3; DS 2] Defendant maintains that he could not have transferred methamphetamine to another because it was not his, he had no control over it at any point, and therefore could not have transferred it to the CI. [MIO 4] Defendant asserts that the woman in the room left the drugs on the table for the CI and collected the money from the sale. [MIO 2] Defendant also continues to point to the preliminary hearing where the CI testified that the baggie was laying on the coffee table when he entered the room and it was not handed to him by Defendant. [MIO 3]

{3} Defendant argues that without establishing possession or control, the State could not prove he transferred the drugs. In addition to the evidence discussed above, it appears from the record that the CI also testified that Defendant contacted him the

day of the controlled buy, said he had methamphetamine, and set up the buy. [RP 70, 72] The CI's testimony was sufficient evidence that Defendant transferred methamphetamine. *See* NMSA 1978, § 30-31-20(A)(2)(c) (2006) (defining "traffic" as distribution or sale); *see also* NMSA 1978, § 30-31-2(G)&(J) (2009) (defining "deliver" and "distribute" of a controlled substance). It was for the jury to resolve any conflicts in the evidence and to determine the weight and credibility of the evidence. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay). To the extent Defendant challenges the credibility of that testimony, we do not "weigh the evidence and may not substitute [our] judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314; *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (resolving all disputed facts in favor of the guilty verdict, indulging all reasonable inferences in support of the verdict and disregarding all evidence to the contrary).

{4}     In addition to arguing that there was insufficient evidence that he transferred methamphetamine to another, Defendant argues that the State failed to prove he knew it was methamphetamine. [MIO 4-5] On appeal, this Court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and

3

resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. While the CI's testimony was equivocal regarding whether he took the drugs from the table or they were handed to him directly by Defendant, his testimony that he handed Defendant the money was sufficient evidence of knowledge, as well as control. *See State v. Jimenez*, 2004-NMSC-012, ¶ 14, 135 N.M. 442, 90 P.3d 461 (stating that we must accept "all reasonable inferences . . . and disregard all inferences to the contrary." (internal quotation marks and citation omitted)). To the extent Defendant asserts that he had no knowledge of the methamphetamine, the jury was free to reject defense counsel's explanation of Defendant's actions and to make its own inferences based on the evidence. *See, e.g.*, *State v. Coffin*, 1999-NMSC-038, ¶ 77, 128 N.M. 192, 991 P.2d 477. We therefore conclude that there was sufficient evidence to allow the jury to find that Defendant knew it was methamphetamine. *See State v. Chandler*, 1995-NMCA-033, ¶ 14, 119 N.M. 727, 895 P.2d 249 (holding that jury is free to "use their common sense to look through testimony and draw inferences from all the surrounding circumstances" (internal quotation marks and citation omitted)).

{5}     Defendant also continues to argue that the district court erred in admitting the audio tape of the controlled buy. [DS 4] This Court's first calendar notice proposed to affirm, in part, on the basis that Defendant failed to indicate whether he preserved these claims by specifically objecting on these grounds below. *State v. Varela*, 1999-

NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (stating the purpose of preservation). Defendant repeats the general assertions in the docketing statement that he objected to the tape on the basis that an insufficient foundation had been laid for its admission, [DS 3, MIO 2] but it appears from the record that Defendant only objected on hearsay grounds. [RP 63-67, 70] Prior to trial, counsel indicated he had an issue with what was described as the "video" of the controlled buy and indicated he would file a motion if the court wanted, but there appears to be no such motion in the record. [RP 53]

{6} Nevertheless, Defendant failed to meet his burden of demonstrating error. Defendant argued that there was little to no evidence presented concerning the type of equipment used, the expertise of the equipment's operator, the quality of the recording, or the chain of custody leading up to trial. [DS 3] This Court's first calendar notice proposed to affirm, in part, on the basis that the docketing statement did not indicate what "little" evidence was presented in support of the elements he challenged. The memorandum in opposition does not provide the evidence requested but instead repeats the same argument made in the docketing statement. [MIO 2] *See State v. Ibarra*, 1993-NMCA-040, ¶ 11, 116 N.M. 486, 489, 864 P.2d 302 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."). Insofar as Defendant continues to assert that no chain of custody was established, "[q]uestions concerning a possible gap in the chain of custody affects the weight of the evidence, not its admissibility." *State v. Peters*, 1997-

5

NMCA-084, ¶ 26, 123 N.M. 667, 944 P.2d 896. And to the extent he asserts the audio was hearsay, we disagree. *See State v. Castillo-Sanchez*, 1999-NMCA-085, ¶ 23, 127 N.M. 540, 984 P.2d 787 (recognizing that another person's statements in a recorded conversation containing an admission by the defendant were admissible because they were needed to put the defendant's statements in context).

{7}     Last, Defendant continues to argue that the district court erred by admitting the lab report into evidence because it was cumulative of the analyst's testimony. [DS 4] *See State v. Franklin*, 1967-NMSC-151, ¶¶ 9-10, 78 N.M. 127, 428 P.2d 982; *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1. Defendant reasserts the argument that the lab report was cumulative once the substance was identified by the lab analyst's testimony. [MIO 8] Defendant has failed to demonstrate clear abuse by the district court in admitting the lab report. *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72 ("We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse."); *see also State v. Johnson*, 2004-NMSC-029, ¶ 38, 136 N.M. 348, 98 P.3d 998 (stating that evidence of a different kind to prove the same fact, is not cumulative).

{8}     For all of the above reasons and those stated in the first notice of proposed disposition, we affirm the judgment and sentence.

{9}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**